United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

AUG 0 9 2004

Michael N. Milby
Clerk of Court

JESUS REY, SR. §
§
V. §
§
COORS BREWING COMPANY; §
PROCESS ENTERPRISES, INC.; §
T&C CONSULTANTS, Individually and §
d/b/a PROCESS ENTERPRISES, VIRG. §

CIVIL ACTION NO. **B-04 134**

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW COORS BREWING COMPANY, Defendant in the above entitled and numbered cause, and file this Notice of Removal of the present cause from the 138th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 138th Judicial District Court, Cameron County, Texas, on October 20, 2003, when Plaintiff's Original Petition was filed in Cause Number 2003-10-005137-B. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal. This case was placed on the "drop docket' on March 29, 2004. On March 27, 2004 Plaintiff filed a motion to reinstate this cause, which was granted by the Court on May 3, 2004.

2.      Defendant Coors Brewing Company was served with a copy of the Plaintiff's Original Petition on October 28, 2003. A copy of the Citation served on Defendant indicating date of service is attached hereto and incorporated herein for all purposes. Defendants Process Enterprises, Inc. and T&C Consultants, individually and

d/b/a Process Enterprises, Inc. have never been served with a copy of Plaintiff's Original Petition in this case.

3.     This is a civil action for injuries and damages allegedly sustained by Plaintiff in an incident which allegedly occurred while he was in the course and scope of his temporary employment with Process Enterprises at the Coors brewery in Virginia. Plaintiff alleges a cause of action against Defendant for negligence.

4.     Plaintiff alleges in Plaintiff's Original Petition that he is a resident of Cameron County, Texas. Plaintiff is therefore a citizen of Texas.

5.     Defendant Coors Brewing Company is a foreign corporation, duly incorporated in the State of Colorado, with its principal place of business in Colorado.

6.     The defendants in this matter who are not diverse from the named plaintiff Process Enterprises, Inc. and T&C Consultants, Inc., formerly Texas corporations, with their principal places of business in Texas.  However, Plaintiff's inclusion of Process Enterprises, Inc. and T&C Consultants, Inc. cannot defeat diversity because they were fraudulently joined.  It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants – defendants against whom relief is not seriously sought – must be ignored in assessing whether the "complete diversity" requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon,* 150 F.R.D. 92, 94 (S.D. Tex. 1993) (same).

7.     The term "fraudulent joinder" is actually a misnomer because this jurisdictional doctrine does not generally require proof of fraud.  *See, e.g., Burden*, 60 F.3d at 217.  Rather, to establish that joinder is "fraudulent," a defendant must show

that plaintiff cannot establish the alleged cause of action against the in-state defendant. *Id.* at 216.

8.     Defendant would initially show the Court that this case was filed nine months ago and the two in-state Defendants have never been served or entered an appearance in this lawsuit. Further, Plaintiff admits in his Response to Defendant's Motion to Transfer Venue attached hereto that these two entities are defunct Texas corporations, and alleges, therefore, their principal place of business should not be taken into account in determining proper venue. Plaintiff further attaches as Exhibit D to that response verified documents from the Texas Secretary of State stating that Process Enterprises, Inc. and T&C Consultants, Inc. have forfeited their existence as Texas corporations. Defendant would show that there is no possibility that Plaintiff can establish a cause of action against these two in-state Defendants under applicable state law because these entities no longer exist.

9.     For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

10.     Defendant would further show the Court that Plaintiff's Original Petition seeks unspecified damages; however, based on the allegations and damages alleged in Plaintiff's pleadings, Plaintiff is seeking to recover from Defendant damages in excess of $75,000.00. Defendant would show the Court that Plaintiff's Original Petition alleges that he has sustained "severe and disabling injuries, damages, and illnesses" and seeks damages for medical care and expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, physical impairment in the past and future, loss of earning capacity in the past and future,

disfigurement in the past and future, cost of medical monitoring and prevention in the future.

11.     Upon filing of this Notice of Removal of this cause, written notice of the filing by Defendant to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

12.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service on Defendant of Plaintiff's Response to Motion to Transfer Venue wherein Plaintiff admits that the two in-state defendant corporations do not exist, and within one year of the initial filing of the lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant prays for removal of the above entitled and numbered cause from the 138th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
        Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District Admissions No. 1944
        Joseph A. "Tony" Rodriguez
State Bar No. 17146600
Southern District Admissions No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
COORS BREWING COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

>Jon R. Alworth
>The Alworth Law Firm, PC
>62 East Price Road
>Brownsville, Texas 78521
>Attorney for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Federal Rules of Civil Procedure on this the _9th_ day of August, 2004.

Joseph A. "Tony" Rodriguez

RUN DATE: 08/04/04
RUN TIME: 1:42 PM

PAGE: 01

* * * * C L E R K ' S   E N T R I E S * * * * *

2003-10-005137-B

JESUS REY, SR.

VS

COORS BREWING COMPANY ET AL.

00570201
HON. JON R. ALWORTH
62 E. PRICE ROAD
BROWNSVILLE, TX.                78521 0000

ALWORTH &
FORD, L.L.P.

00001402
EDUARDO ROBERTO RODRIGUEZ
P.O. BOX 2155
BROWNSVILLE, TX.               78522 2155

(10)                    DAMAGES                10      20      03

30.00

| Date | Entry |
|---|---|
| 10/20/03 | ORIGINAL PETITION FILED |
| 10/20/03 | JURY FEE: Pd. by HON. JON R. ALWORTH |
| 10/21/03 | CITATION: COORS BREWING COMPANY |
| | SERVED: 10/28/03                FILED: 11/04/03 |
| 10/21/03 | CITATION: PROCESS ENTERPRISES, INC. |
| | SERVED: UNSERVED               FILED: 11/21/03 |
| 10/21/03 | CITATION: I & C CONSULTANTS |
| | SERVED: UNSERVED               FILED: 11/24/03 |
| 10/21/03 | INDIVIDUALLY |
| | SERVED: UNSERVED               FILED: 11/24/03 |
| 11/21/03 | ORIGINAL ANSWER: COORS BREWING COMPANY |
| | DEFT. COORS BREWING CO.'S MOTION TO |
| | TRANSFER VENUE, AND SUBJECT |
| | THERETO, ORIGINAL ANSWER AND JURY |
| 03/29/04 | DEMAND (RMOCHOA) |
| 04/27/04 | DROP DOCKET NOTICES MAILED |
| 05/10/04 | PLF'S MOTION TO REINSTATE AND MOTION |
| | FOR TRIAL SETTING (RMOCHOA) |
| 05/10/04 | PLF'S CERTIFICATE OF WRITTEN DISCOVERY |
| | (RMOCHOA) |
| 06/29/04 | NOTICE OF INTENTION TO TAKE DEPO. ON |
| | WRITTEN QUESTIONS (RMOCHOA) |
| 07/22/04 | CERTIFICATIONS (CUSTODIAN OF |
| | EMPLOYMENT RECORDS FOR: |
| | PLATFORM MARINE INDUSTRIES, INC. & |
| 07/22/04 | HB ZACHARY CO.) (RMOCHOA) |
| 07/23/04 | (2) CERTIFICATIONS (RMOCHOA) |
| 07/30/04 | PLF'S RESPONSE TO DEFT'S MOTION TO |
| | TRANSFER VENUE (RMOCHOA) |
| | CERTIFICATION (RMOCHOA) |

| Date | Entry |
|---|---|
| 12/11/03 | PASS TO DROP DOCKET |
| 03/29/04 | ORDER GRANTING PLF'S MOTION TO REINSTATE SIGNED FOR ENTRY. |
| 05/03/04 | RGARZA/RMOCHOA |
| 05/03/04 | HEARING ON PLF'S MOTION TO REINSTATE AND MOTION FOR TRIAL |
| 05/03/04 | SETTING IS SET FOR JUNE 8, 2004 AT 9:00 A.M., AS PER ORDER |
| 05/03/04 | SIGNED. RGARZA/RMOCHOA |
| 05/03/04 | HEARING ON DEFT. COORS BREWING CO.'S MOTION TO TRANSFER VENUE |
| 21/04 | IS SET FOR AUGUST 19, 2004 AT 9:00 A.M., AS PER ORDER SIGNED. |
| 05/21/04 | AS PER ORDER SIGNED. RGARZA/RMOCHOA |
| 06/08/04 | PARTIES APPEARED. CASE SET FOR TRIAL BY AGREEMENT FOR NOVEMBER |
| 06/08/04 | 1, 2004; WITH ANNOUNCEMENTS ON OCTOBER 29, 2004 AT 9:00 A.M. |
| 06/08/04 | AS PER BOTH PARTIES. ORDER TO BE SUBMITTED. RGARZA/CAP |
| 06/08/04 | ORDER RESPECTING HEARING OF 6/8/04 SIGNED FOR ENTRY. RGARZA/CP |

CAUSE NO. _2003-10-5137-B_

FILED _3:00_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

OCT 2 0 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| COORS BREWING COMPANY; | § | CAMERON COUNTY, TEXAS |
| PROCESS ENTERPRISES, INC.; | § | |
| T & C CONSULTANTS, INDIVIDUALLY | § | |
| and DBA PROCESS ENTERPRISES, | § | |
| VIRG. | § | |
|     Defendants | § | _138th_ JUDICIAL DISTRICT OF |

---

## PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JESUS REY, SR., hereinafter called Plaintiff, complaining of and about COORS BREWING COMPANY; PROCESS ENTERPRISES, INC.; and T & C CONSULTANTS, INDIVIDUALLY AND DBA PROCESS ENTERPRISES, VIRG., hereinafter called Defendants; and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends discovery to be conducted under Level Three of the Discovery Control Plan of the Texas Rules of Civil Procedure.

1

## II.
## JURISDICTION AND VENUE

Jurisdiction and venue is proper in Cameron County, Texas pursuant to C.P.R.C., §15.002 (a)(1) in that substantial part of the events giving rise to this claim occurred in Cameron County, or in the alternative §15.002(a)(4).

## III.
## PARTIES AND SERVICE

1.    Plaintiff, JESUS REY, SR., brings this action individually.  Plaintiff resides in Cameron County, Texas, and has resided in Cameron County for his entire life.

2.    Defendant, COORS BREWING COMPANY; is a Colorado corporation duly authorized to do business in the State of Texas and may be served with citation by serving its registered agent: Corporation Service Co., 701 Brazos Street, Suite 1050, Austin, Texas  78701.

3.    Defendant, PROCESS ENTERPRISES, INC.; is a Texas corporation and may be served with citation by serving its registered agent: Norman Thornton, 1935 Highway 96 Bypass, Silsbee 77656.

4.    Defendant T & C CONSULTANTS, INDIVIDUALLY AND DBA PROCESS ENTERPRISES, VIRG;  is a Texas corporation and may be served with citation by serving its registered agent: Norman A. Thornton, 130 Sherwood Trail, Silsbee, Texas 77656.

## IV.
## REQUEST FOR DISCLOSURE

Plaintiff request disclosures pursuant to TRCP 194 (a) – (k).

## V.
## FACTS

In October of 2001 (Including on or about October 20, 2001), Jesus Rey, Sr. while working under the direction of Process Enterprises, Inc. at the Coors Brewing Company facility in Virginia, was exposed to toxic chemicals. Defendants disregard for the rights, safety and welfare of the plaintiff, caused the plaintiff to suffer severe and disabling injuries, damages, and illness as set forth herein.

Prior to plaintiff's injury, plaintiff was hired, recruited and was provided with work orders in Cameron County, Texas; to perform at the Coors Brewing Company facility in Virginia.

## VI.
## RESPONDEAT SUPERIOR

At all times material hereto, all of the agents, servants, and/or employees for defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, any negligence by defendant's employees is legally imputed to defendant. Defendant is therefore vicariously responsible for Plaintiff's injuries and damages, under the doctrine known in law as *respondeat superior.*

## VII.
## DUTY

Under the laws of the state of Texas, defendants owed plaintiff, Jesus Rey, Sr., a non-delegable duty to provide a safe place to work; including providing the proper

3

equipment to perform assigned tasks, and the duty to act as a reasonable and prudent employer. Defendant breached that duty and their negligence was the direct cause of the injuries sustained by Mr. Rey.

## VIII.
## NEGLIGENCE OF DEFENDANT COORS BREWING COMPANY

Plaintiff will show that defendants, by and through its authorized agents, managers, supervisors, foremen, vice-principals, directors, and officers, are liable for negligence in their corporate capacity. As a separate and independent cause of action, Plaintiff alleges direct acts of negligence in the following particulars; some, or all, of which were a proximate cause of Plaintiff's injuries and damages:

1. In failing to provide plaintiff with instruction, guidance and knowledge regarding the dangers of welding and pipefitting when ammonia was present;

2. In failing to properly instruct and warn Plaintiff of the dangerous conditions that existed;

3. In failing to inspect Plaintiff's work area and provide a safe work environment;

4. In failing to properly inspect plaintiff's work area to ensure it was clear of ammonia or other toxins dangerous to plaintiff's health; and,

5. In exposing plaintiff to a toxic substance.

Each and all of the above and foregoing acts, both of omission and commission, constituted negligence on the part of Defendant. These acts were independently and/or concurrently, a proximate cause of the incident and injuries made the basis of this lawsuit.

4

## VIII.
### NEGLIGENCE OF DEFENDANTS PROCESS ENTERPRISES, INC.;
### T & C CONSULTANTS, INDIVIDUALLY AND DBA
### PROCESS ENTERPRISES, VIRG.

Plaintiff will show that defendants, by and through its authorized agents, managers, supervisors, foremen, vice-principals, directors, and officers, are liable for negligence in their corporate capacity.  As a separate and independent cause of action, Plaintiff alleges direct acts of negligence in the following particulars; some, or all, of which were a proximate cause of Plaintiff's injuries and damages:

1.    In failing to furnish Plaintiff with a reasonably safe place in which to work, in violation of Texas statutes, codes and regulations;

2.    In failing to provide Plaintiff with properly functioning and/or suitable equipment, tools, assistance and/or appliances to perform required tasks;

3.    In failing to provide Plaintiff with proper safety equipment;

4.    In failing to provide plaintiff with instruction, guidance and knowledge regarding  the dangers of welding and pipefitting  when ammonia was present;

5.    In failing to provide Plaintiff with adequate and/or competent workers;

6.    In failing to properly instruct, warn  and supervise Plaintiff;

7.    In failing to inspect Plaintiff's work area and provide a safe work environment;

8.    In failing to establish and enforce safety rules;

9.    In failing to properly train, instruct and prepare their employees to safely perform required tasks; and,

10.    In failing to initiate or maintain policies and/or procedures, whereby employees could report dangerous conditions, or request additional equipment/supplies, or manpower.

5

Each and all of the above and foregoing acts, both of omission and commission, constituted negligence on the part of Defendants. These acts were independently and/or concurrently, a proximate cause of the incident and injuries made the basis of this lawsuit.

## IX.
## DAMAGES FOR PLAINTIFF JESUS REY, SR.

As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, JESUS REY, SR., was caused to suffer severe injuries and has suffered from at

least the following damages:

1.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron and other counties in Texas;

2.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.  Physical pain and suffering in the past;

4.  Mental anguish in the past;

5.  Physical pain and suffering in the future;

6.  Mental anguish in the future;

7.  Physical impairment in the past;

8.  Physical impairment which, in all reasonable probability, will be suffered in the future;

9.  Loss of earning capacity in the past;

10. Loss of earning capacity which will, in all probability, be incurred in the future;

11. Disfigurement in the past;

12. Disfigurement in the future; and

_PLAINTIFF'S ORIGINAL PETITION_

13.   Cost of medical monitoring and prevention in the future;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## X.

### JURY DEMAND

Plaintiff hereby requests a trial by jury.

## P R A Y E R

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JESUS REY, SR. respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ALWORTH & FORD, L.L.P.
62 E. Price Road
Brownsville, Texas  78521
Telephone No. (965) 542-7700
Fax No. (956) 504-2377

BY: _____
Jon R. Alworth
SBN: 01133070                     5 70.20'

ATTORNEYS FOR PLAINTIFF

Citation for Personal Service - NON-RESIDENT NOTICE     Lit. Seq. # 5.0__.01

No. 2003-10-005137-B

T H E   S T A T E   O F   T E X A S     **ORIGINAL**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COORS BREWING COMPANY
    SERVING REGISTERED AGENT
    CORPORATION SERVICE CO.
    701 BRAZOS STREET STE.1050
    AUSTIN, TEXAS 78701

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on OCTOBER 20, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-005137-B.

The style of the case is:

JESUS REY, SR.
VS.
COORS BREWING COMPANY ET AL.

Said petition was filed in said court by _____ HON. JON R. ALWORTH _____ (Attorney for _____ PLAINTIFF _____ ), whose address is 62 E. PRICE ROAD BROWNSVILLE, TX.  78521 .

· The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of OCTOBER , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Reynaldo Ipzy g._ , Deputy

R E T U R N   O F   O F F I C E R

Came to hand the _22ND_ day of _October_, 2003, at _5.00_ o'clock _P_ .M., and executed ~~(not executed)~~ on the _28_ day of _October_, _2003_, by delivering to _Coors Brewing Co._ _Serving Registered Agent_ _Corporation Service Co_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _As Stated Above_

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ _0_              ~~Sheriff/constable~~ _____ County,

Fees paid by: _____       By _Linda M. Salazar_ ~~Deputy~~
                                         _C.P._

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7099 3400 0014 6147 7707

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Coors Brewing Company
Street, Apt. No.; or PO Box No.
701 Brazos Street Ste 1050
City, State, ZIP+4
Austin, Texas  78701

FILED _1:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK
NOV - 4 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

---

**SENDER** COMPLETE THIS SECTION / DELIVERY

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _A. Horn_   □ Agent  □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
28 OCT 2003

1. Article Addressed to:
Coors Brewing Company
Serving Registered Agent
Corporation Service Co.
701 Brazos Street Ste 1050
Austin, Texas  78701

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

3. Service Type
☒ Certified Mail    □ Express Mail
□ Registered        □ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)  □ Yes

2. Article Number
(Transfer from service label)
7099 3400 0014 6147 7707

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

Citation for Personal Service <u>- NON-RESIDENT NOTICE</u>    Lit. Seq. # <u>5.0. .01</u>

No. <u>2003-10-005137-B</u>

THE   STATE   OF   TEXAS        **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: PROCESS ENTERPRISES, INC.
    SERVING REGISTERED AGENT
    NORMAN THORNTON
    1935 HIGHWAY 96 BYPASS
    SILSBEE , TEXAS 77656

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on OCTOBER 20, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2003-10-005137-B</u>.

The style of the case is:

JESUS REY, SR.
VS.
COORS BREWING COMPANY ET AL.

Said petition was filed in said court by _____HON. JON R. ALWORTH_____ (Attorney for _____PLAINTIFF_____ ), whose address is 62 E. PRICE ROAD BROWNSVILLE, TX.  78521                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of OCTOBER , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _Reynaldo _____ _____ , Deputy

R E T U R N   O F   O F F I C E R

Came to hand the _22 ND_ day of _Octob_, _2003_, at _5:06_ o'clock _P_.M., and executed (not executed) on the _21_ day of _Nov._, _2003_ by delivering to _Process Enterprise In Serve Registered Agt Normen Houston_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____

Cause of failure to execute this citation is: _Returned Wrong Address_
_____

FEES serving 1 copy

Total....... $_____         Sheriff/constable _____ County,

Fees paid by:_____         By _Luis M Melgar_ Deputy

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | | |
|---|---|---|
| Postage | $ | .60 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Process Enterprises Inc.
Street, Apt. No.; or PO Box No.
1935 Highway 96 Bypass
City, State, ZIP+4
Silsbee, Texas  77656

FILED _8:00_ O'CLOCK ____M.
AURORA DE LA GARZA DIST CLERK
NOV 24 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

FILED AT ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
NOV 21 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-10-5137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COORS BREWING COMPANY; | § | |
| PROCESS ENTERPRISES, INC.; | § | |
| T&C CONSULTANTS, Individually and | § | |
| d/b/a PROCESS ENTERPRISES, VIRG. | § | 138th JUDICIAL DISTRICT |

## DEFENDANT COORS BREWING COMPANY'S
## MOTION TO TRANSFER VENUE, AND SUBJECT THERETO,
## ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW COORS BREWING COMPANY, Defendant in the above entitled and numbered cause, and, prior to filing its Original Answer and Jury Demand in this cause, files this its Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

## MOTION TO TRANSFER VENUE

### I.

Defendant objects to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a county of proper venue because Defendant does not have a principal office in Cameron County, the cause of action did not accrue in Cameron County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendant in Cameron County.

### II.

Defendant would further show the Court that Defendant is a foreign corporation, with its principal office in Colorado. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1)　　In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2)　　In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3)　　In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)　　If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

### III.

Defendant specifically denies that "jurisdiction and venue is proper in Cameron County, Texas pursuant to C.P.R.C. §15.002(a)91) in that substantial part of the events giving rise to this claim occurred in Cameron County, or in the alternative §15.002(1)(4)" as alleged in Plaintiff's Original Petition. Defendant would show that, if a cause of action against it exists, which is denied, the cause of action does not exist in Cameron County. Defendant further denies that it had a principal office in Cameron County as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action. Defendant specifically denies that Defendants Process Enterprises, Inc. and T&C Consultants had a principal office in Cameron County, Texas at the time this action was instituted or at any time relevant to this cause of action. Defendant also specifically denies that the events giving rise to the claims alleged in Plaintiff's Original Petition occurred in Cameron County, Texas.

### IV.

Defendant further avers that venue is proper in Hardin County, Texas, in that it is the county where Defendants Process enterprises, Inc. and T&C Consultants have a principal office in this state for purposes of venue under Texas law.

## V.

Defendant requests that this action be transferred to a district court of Hardin County, Texas.

WHEREFORE, Defendant requests that this Court grant Defendant's motion to transfer venue and transfer such cause to Hardin County, taxing costs incurred herein against Plaintiff; and that Defendant have such other and further relief to which it may show itself justly entitled to receive.

### ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW COORS BREWING COMPANY, Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue, files this its Original Answer and Jury Demand in Response to Plaintiff's Original Petition, and in support thereof would show the Court as follows:

## VI.

### GENERAL DENIAL

Defendant herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's live pleading, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

## VII.

### AFFIRMATIVE DEFENSES

7.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiff were caused or contributed to, in whole or in part, by the Plaintiff's own negligence and/or comparative responsibility.

7.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by the Plaintiff, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendant is not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiff, if any.

7.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendant, over which Defendant had no control, was the sole proximate cause of the Plaintiff's alleged injuries.

7.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

7.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

7.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

7.07   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiff in this

cause.

7.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further reserves the right to elect that the appropriate percentages of the Plaintiff's alleged injuries and damages be allocated among those parties whose conduct caused the matters complained of by the Plaintiff. Defendant specifically reserves the right to elect to submit to the jury issues of comparative causation and/or comparative negligence and/or comparative responsibility against any settling or non-settling entity as to Plaintiff in this or other suits, as applicable, pursuant to the doctrines or methods provided in Duncan v. Cessna Aircraft, and/or Chapter 32 and/or 33 of the Texas Civil Practice & Remedies Code (as amended and/or repealed), and/or Art. 2212 and/or 2212a, Texas Revised Civil Statutes.

7.09   For further answer, if such be necessary, and pleading in the alternative, Defendant specifically asserts its rights to an appropriate credit, offset and/or reduction in any liability, which is expressly denied, in the event of a settlement by any person, in accordance with the Texas Civil Practice and Remedies Code.

7.10   For further answer, if such be necessary, and pleading in the alternative, in the event that Defendant is found liable to Plaintiff, which is highly unlikely and would be manifestly unfair, Defendant reserves its right to elect either a pro rata reduction or to take a credit or offset against any judgment against them for any and all sums Plaintiff have received or may hereafter receive in settlement from any party, person or entity, and/or in the alternative asserts its right to elect a proportionate reduction of any damages found against it based upon the percentage of negligence, causation, responsibility, or fault attributable to any settling tortfeasor, pursuant to the doctrines or methods provided in Duncan v. Cessna Aircraft, and/or Chapter 32 and/or 33 of the Texas Civil Practice and Remedies Code (as amended and/or repealed), and/or Article 2212 and/or 2212a, Texas Revised Civil Statutes.

7.11  For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that all or part of Plaintiff's claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

7.12  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of their injuries and damages as required by law.

7.13  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims for damages based on fear of future disease, emotional distress, mental anguish, lost wages, loss of wage earning capacity, devaluation or loss of business in the future, devaluation or loss of use and enjoyment of business, personal and real property, loss of consortium or medical expenses in the future are so speculative and not based upon appropriate evidence that they should not be a recoverable element of damage.

7.14  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

7.15  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiff in this cause.

## VIII.

## JURY DEMAND SUBJECT TO MOTION TO TRANSFER VENUE

Subject to and without waiving its Motion to Transfer Venue previously filed herein, Defendant hereby requests trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant prays that upon final trial and hearing hereof, it have Judgment that Plaintiff take nothing by their claims in accordance with the law and facts as found by this honorable Court and jury, and for such other and further relief, legal or equitable, general or special, which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Eduardo Roberto Rodriguez
    State Bar No. 17144000
        Christopher E. Moore
    State Bar No. 24011075
    1201 East Van Buren
    Post Office Box 2155
    Brownsville, Texas 78522

ATTORNEYS FOR DEFENDANT,
COORS BREWING COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand was served upon all counsel of record, to-wit:

> Jon R. Alworth
> Alworth & Ford, LLP
> 62 East Price Road
> Brownsville, Texas 78521
> Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the __21st__ day November, 2003.

_____
    Eduardo Roberto Rodriguez

Cause No. 2003-10-005137-B

| | |
|---|---|
| JESUS REY, SR. | In the District Court of |
| VS. | Cameron County, Texas |
| COORS BREWING COMPANY ET AL. | 138th Judicial District |

### DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local Rules of Civil Procedure, that the above styled and numbered cause has been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court within 30 days.  All motions for reinstatement must contain a motion and proposed order setting hearing to set case for trial.

AURORA DE LA GARZA
DISTRICT CLERK

By: _Rosa Maria Ochoa_ Deputy

Date: 03/29/04
Copies sent to:

HON. JON R. ALWORTH
EDUARDO ROBERTO RODRIGUEZ
CHRISTOPHER E. MOORE
PROCESS ENTERPRISES, INC.
T & C CONSULTANTS INDIVIDUALLY

**RECEIVED**

APR 0 8 2004

RODRIGUEZ, COLVIN, CHANEY & SAENZ

## CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO REINSTATE AND
## MOTION FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESUS REY, SR., Movant herein, and files this his Motion to Reinstate and Motion for Trial Setting and in support thereof would respectfully show the Court as follows:

### I.

Plaintiff's claims arise from injuries he sustained on or about October 20, 2001. Jesus Rey, Sr. while working under the direction of Process Enterprises, Inc., at the Coors Brewing Company facility in Virginia, Mr. Rey was exposed to toxic chemicals. Plaintiff's Original Petition was filed on October 20, 2003.

### II.

Plaintiff is not seeking to delay this case and respectfully requests that this Honorable Court retain this case on its active docket and schedule a hearing to choose a trial date at the earliest possible time convenient to all parties and this Honorable Court.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jesus Rey, Sr., respectfully requests this Court reinstate this case on its active docket and set this matter for trial and for all other and further relief to which he may be justly entitled.

Signed on this the 27th day of April, 2004.

Respectfully submitted,

**THE ALWORTH LAW FIRM, P.C.**
62 E. Price Road
Brownsville, Texas   78521
Telephone No.:  (956) 542-7700
Facsimile No.:  (956) 504-2377

By:_____
Jon R. Alworth
State Bar No. 01133070

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF'S MOTION TO REINSTATE AND MOTION FOR TRIAL SETTING has been provided to all counsel of record, on this the 27th day of April, 2004, to the following:

Eduardo R. Rodriguez                    Via Fax & U. S. Regular Mail
Joseph A. "Tony" Rodriguez
P. O. Box 2155
Brownsville, Texas 78522

Richard R. Hindman                      U. S. Regular Mail
Coors Brewing Company
Risk Management Dept. - NH200
Golden, Colorado 80401


_____

Jon R. Alworth

**CAUSE NO. 2003-10-005137-B**

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

## ORDER SETTING HEARING ON PLAINTIFF'S MOTION TO REINSTATE AND MOTION FOR TRIAL SETTING

On this day, came on to be considered, Plaintiff's Motion to Reinstate and Motion for Trial Setting in the above styled and numbered cause. The Court having considered said motion and the documents on file is of the opinion that a hearing should be set, it is therefore,

ORDERED, ADJUDGED and DECREED that a hearing be set on Plaintiff's Motion to Reinstate and Motion for Trial Setting on the _8th_ day of _June_ _____, 2004 at _9:00_ o'clock, _A_.m. in the County Court At Law Number Two of Cameron County, Texas.

SIGNED THIS the _3rd_ day of _May_ _____, 2004.

_____
JUDGE PRESIDING

Copies to: MAY 0 4 2004
Hon. Jon R. Alworth
Hon. Eduardo R. Rodriguez
Process Enterprises, Inc.
T & C Consultants Indiv.

FILED _10:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

MAY 0 3 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

---

### ORDER GRANTING PLAINTIFF'S MOTION TO REINSTATE

---

On this day, came on to be considered, Plaintiff's Motion to Reinstate in the above styled and numbered cause. The court having considered said motion together with the documents on file is of the opinion that same should be granted. It is therefore,

ORDERED, ADJUDGED and DECREED, Plaintiff's Motion to Reinstate is granted and this cause shall remain on the court's active docket.

All other and further relief not expressly requested is hereby denied.

Signed on this 3rd day of May, 2004.

_____
JUDGE PRESIDING

Copies to: MAY 0 4 2004
Hon. Jon R. Alworth
Hon. Eduardo R. Rodriguez
Process Enterprises, Inc.
T & C Consultants Indiv.



FILED 12:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

MAY 0 3 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS

## CAUSE NO. 2003-10-5137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

### ORDER SETTING HEARING ON DEFENDANT COORS BREWING COMPANY'S MOTION TO TRANSFER VENUE

On this day, came on to be considered, Defendant, Coors Brewing Company's Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand, filed with the Court on November 21, 2003, in the above styled and numbered cause. The Court having considered said motion and the documents on file is of the opinion that a hearing should be set, it is therefore,

ORDERED, ADJUDGED and DECREED that a hearing be set on Defendant, Coors Brewing Company's Motion to Transfer Venue on the _19th_ day of _August_, 2004, at _9:00_ o'clock, _A_.m. in the 138th District Court, Cameron County, Texas.

SIGNED THIS the _21st_ day of _May_, 2004.

_____
JUDGE PRESIDING

MAY 2 7 2004
cc:   Joseph A. Rodriguez
      Jon R. Alworth

FILED _9:00_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

MAY 2 1 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

## CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

## ORDER SETTING TRIAL

On this day, came on to be considered, Plaintiff's Motion for Trial Setting in the above styled and numbered cause. The Court having considered said motion together with the announcement of the parties, is of the opinion that trial before a jury should be set. It is therefore,

ORDERED, ADJUDGED and DECREED, the above-styled and numbered cause is hereby set for trial before a jury on the _1st_ day of _November_ 2004 at _9_:00 o'clock a.m., with announcements on the _29th_ day of _October_, 2004 at _9_:00 o'clock a.m., before the 138th Judicial District Court of Cameron County, Texas.

All other deadlines shall be governed by Level Three of the Discovery Control Plan of the Texas Rules of Civil Procedure.

Signed on this _8th_ day of _July_ 2004.

_____
Judge Presiding

JUN 2 2 2004

Jon R. Alworth, THE ALWORTH LAWFIRM, P.C., 62 E. Price Road, Brownsville, Texas 78521
Joseph A. "Tony" Rodriguez, RODRIGUEZ, COLVIN & CHANEY, L.L.P., P. O. Box 2155, Brownsville, Texas 78522
Richard R. Hindman, Coors Brewing Company, Risk Management Dept. - NH200, Golden, Colorado 80401

O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUN 1 1 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
|     PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON   COUNTY,   TEXAS |
| | § | |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
|     DEFENDANTS | § | 138th JUDICIAL DISTRICT |

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE

---

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, JESUS REY, SR., Respondent herein, and files this his, response to Defendant's Motion to Transfer Venue, and respectfully requests the Court deny the Motion in all respects, and would show the Court as follows:

### A.
### Introduction

1.     The Plaintiff in this cause  is Jesus Rey, Sr.

2.     The Defendant requesting transfer of venue, Coors Brewing Company, Inc., a foreign corporation.

3.     The remaining Texas, defendants are defunct, Texas corporations, whom operated under the following corporate names: Process Enterprises, Inc.; T&C Consultants, Individually and DBA Process Enterprises, Virginia.

4.     The Plaintiff sued defendant, in Cameron County, related to injuries sustained as a result of exposure to toxic ammonia fumes; while the Plaintiff was engaged in course and scope of his employment. Mr. Rey had been hired and recruited in Cameron County, by an agent of Process Enterprises, Inc.; T&C Consultants, Individually and DBA Process Enterprise, Inc.Virginia; to temporarily work at Coors' plant in Virginia.

B.

Facts

5.      The Plaintiff, Jesus Rey, Sr., filed suit related to his injuries on October 20, 2003. In his petition, plaintiff pled facts that support venue, under Section 15.002, Tex. Civil Practices and Remedies. Code, by pleading that all, or a substantial portion of the acts or omissions giving rise to suit, occurred in Cameron County.

6.   Plaintiff was hired and recruited, during a telephone call, while at his residence located in Cameron County. Plaintiff received a phone call from Darrell Hart, who was acting as an agent for the employer defendants, asking him to come to work in Virginia. As the attached affidavits demonstrate, the terms of the employment were agreed upon; including agreements, regarding the safety of the premises where the work was to be performed.

7.      The Plaintiff denies, specifically, the venue facts as set out by Defendant, Coors, in Defendant's Motion to Transfer Venue.

8.      The Plaintiff specifically pleads that he was hired or recruited in a telephone conversation that occurred while the Plaintiff was at his residence in Cameron County, Texas.

9.      The Plaintiff files this response 30 days before the scheduled hearing.

10. The Plaintiff attaches the affidavits of Jesus Rey, Sr. and Jesus Rey, Jr. and Darrel Hart. Exhibits:

   A.  Jesus Rey Sr.

   B.  Jesus Rey Jr.; and

   C.  Darrel Hart;

   D.  Information on Defendant's businesses.

15    Coors Brewing Company, attempts to transfer venue, on the basis of an unsupported allegation that the principal place of business for employer

defendants, Enterprises, etc. is Hardin County, Texas. Defendant, Coors, improperly attempts to assert rights, by stepping into the shoes of a co-Defendant.

16    Furthermore, Coors has not established any facts, as required by the rules, regarding any venue matter; including any principal place of business. Defendant Coors does not have the capacity to make such a representation; and defendant, Coors, has not produced a shred of evidence to support any allegation.

17    The Defendant asks this Court to transfer venue, solely based on this naked assertion, regarding an unrelated entity; and contrary to the legal prerequisites for asserting this dramatic move. Their position is unsupported and uncorroborated by fact, or affirmation.

11. Under the Texas Venue Scheme, the Plaintiff is entitled to choose among three different forums, those forums include:
    1. The county in which all or a part of the events or omissions, occurred, that giving rise to the lawsuit;
    2. A defendant's principal place of business in the state; or,
    3. The county of Plaintiff's residence.

12. The Plaintiff has offered prima facie evidence establishing Cameron County, as the appropriate venue, under several permissive choices. Cameron County, is the location where the contract was consummated ; as well as, the location for omissions regarding safety policies, is the place of recruitment of a Texan for out of state employment, and is the plaintiff's lifelong residence.

13. In Texas, an employer has a non-delegable duty to provide a safe place to work. In Plaintiff's telephone conversation with defendant's representative, he was assured the premises of the plant in Virginia were safe, that the companies would follow all safety regulations, and that his work environment would be safe and free of unreasonable hazard. To the contrary, after Plaintiff arrived in Virginia, he was exposed on numerous occasions, to toxic ammonia fumes. As Plaintiffs employer, defendants, Process Enterprises, Inc. and T&C Consultants, Individually and dba Process Enterprises, Virginia, had a non-delegable duty to provide him with a safe place to work, and they failed in their duties.

14. Since a county in Virginia, by definition, cannot provide a Texas forum, the Court and the parties must look to the events and circumstances that provide the underlying basis for the relationship of these entities. The contract for hire was, in fact, made in Cameron County, Texas. In a contract made over the telephone, the county of acceptance is the county where the agreement was made.

In addition, under Texas law, duties exist for every employer in Texas, that require the employer provide a safe working environment, sufficient resources, material, man-power and other such items to insure the workers of Texas, have a safe place to work.

15.    Defendant breached their duty to provide a safe place to work, and decisions that were ratified and made a part of an employment contract. In addition, based on Plaintiff's questions and concerns, the defendant outlined the steps and processes by which the employer would provide a safe place for Plaintiff to conduct his employment. The only evidence that is before this Court, regarding any of Defendant's decisions and policies, are provided in this response.

16.    As Coors has admitted, it has no principal place of business in the State of Texas. Since Coors does not have any rights to assert regarding venue themselves, they attempt to "boot-strap" themselves, or place themselves in the position of Plaintiff's employer. Not only do they attempt to step into the shoes of T.C. Enterprises, Inc., they presume to proffer evidence. Evidence for which there is not any demonstration of personal knowledge, evidence they are not qualified to provide.

17. The final venue choice is the Plaintiff's residence at the time of the accrual of the lawsuit. As Plaintiff has testified, Cameron County has been his residence for many years.

## C
## ARGUMENT AND AUTHORITIES

With the Texas courts swamped in a morass of perpetual venue battles, the Texas Legislature and Texas Supreme Court have modified the Texas venue, or plea of privilege, substantive provisions and procedural rules, on multiple occasions, producing extensive changes with subtle and dramatic effects, characterizing an outwardly simple process. Essentially, under our current venue scheme, the parties must engage in what one commentator has termed, the "Texas Venue Dance", Professor Jack Ratliff, The University of Texas.

Rule 87, of the Texas Rules of Civil Procedure, sets forth this venue process, and the dance steps proceed, as follows:

(1.)    the plaintiff should plead facts sufficient to support venue, and until and unless specifically controverted, the allegations made in plaintiffs position are taken as true;

(2.)    The next step in the dance, allows the defendant to specifically deny the facts supporting plaintiff's choice of venue, and provide prima facie proof supporting the alternative it suggests to the court. The plaintiffs facts must be attacked with evidence, and not mere conclusory pleading, in this step of the dance, the defendant assumes

the burden of first submitting evidence to defeat plaintiff's pleadings, and then its own prima facie proof; and,

(3.)    the third dance step, assuming a proper challenge has been perfected, and thus the battle joined, allows the plaintiff an opportunity to produce his own evidence, demonstrating prima facie entitlement to venue (with no requirement of proof regarding the validity, or even the existence of, his cause of action. Texas Rules of Civil Procedure, Rules 86 and 87.

Once the plaintiff files proper pleadings, he has no further burden, unless and until, the defendant asserts a proper challenge. *Texas Rules of Civil Procedure, 86(4)*. Once the plaintiff accomplishes, step 1, he wins. Until, that is, defendant produces a timely Motion to Transfer, appropriately challenging plaintiff's choice, on the basis of:

a.  volatile of a pre-suit agreement, or there is a present agreement between the parties to transfer;
b.  venue is mandatory elsewhere;
c.  venue appropriately lies elsewhere under the general rule;
d.  venue is not appropriate in the county chosen, and another permissive choice exists;
e.  venue is improper for some plaintiff(s), but not all;
f.  venue is more convenient elsewhere.

Rule 87, clearly requires the defendants' challenge to include a specific denial of plaintiffs venue assertions, and a prima facie demonstration of defendants purported venue facts. By statutory mandate, this effort necessarily includes an affidavit, or sworn deposition testimony. *See*, e.g., Garcia v Garza, 70 S.W. 3d 362, 370 (Tex. App.-Corpus Christi 2002, pet. Filed) Gonzalez v Nielson, 770 S.W. 2d 99, 102 (Tex. App.—Corpus Christi 1989, writ denied) *See*, Maranatha Temple, Inc. v. Enterprise Products Co., 833 S. W. 2d 736, 740 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

Defendant Coors has improperly challenged the plaintiff's choice of venue, in several respects. Most importantly, defendant, Coors, failed to attach any proof or evidence, to defeat plaintiff's assertions. Nor did they offer evidence to support their uncorroborated allegations; a necessary and indispensable component in a request for transfer of venue. Next, Coors, attempts to steal rights it does not possess. Usurpation of identity is not a recognized vehicle for dancing, under the Texas venue scheme.

Mr. Rey properly pled a cause of action, alleging that part of the events and omissions, giving rise to the claims involved herein, occurred in Cameron County. Texas is only one of three states that do not require its employees to be protected by workers compensation. However, Texas law does impose both a common law and statutory duty to provide a safe place to work. Historically, Texas has always provided a forum, for any employee injured out of state, while working for a Texas employer, to file suit in the

county where he was hired and recruited, as well as, the county of his residence. See, Lazwnby v HMT Construction Services, Inc 944 S.W. 2d 54

Section 15.002, Texas Civil Practices and Remedies Code, provides the general rules for venue. Those rules provide that suit should be filed, in the absence of mandatory venue, in:

1. in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
2. in the county of the defendant's residence at the time the cause of action accrued if the defendant is a natural person;
3. in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
4. if Subdivision, (1), (2), and (3,) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action

In this instance, as the affidavits' of Mr. Jesus Rey, Sr.; Mr. Jesus Rey, Jr; and Mr. Darrell Hart, established, a substantial part of the events giving rise to the claim, occurred here in Cameron County. Mr. Rey was hired and recruited here in Cameron County and the terms of his employment were agreed upon, in a telephone conversation, made by Mr. Hart for the sole purpose of recruiting Mr. Rey. That call included a specific discussion regarding whether this job provided a safe place to work.

Of course, as stated, an employer in Texas has a non-delegable duty to provide a safe place to work, including a non-hazardous work environment. Mr. Rey was assured, during the discussion, and as an essential part of the resulting agreement, that the Coors plant would provide a safe work environment.

When a contract is consummated over the telephone, the agreement is considered to be entered into in the county where the contract or offer is accepted. Thus venue in a proceeding related to that contract, may be held in that county. E.D.S. ENERGY DEVELOPMENT SERVICES, INC. d/b/a/ Gulf States Drilling Co., Appellant v BANDERA TRUCKING COMPANY, 601 S.W. 2d 215, July 10, 1980.

Mr. Rey's contract for employment was consummated in Cameron County, and the safety   assurances made by Mr. Hart were an integral part of that contract; and, along with the subsequent breach, establish that a substantial portion of the events and omissions giving rise to this claim, occurred in Cameron County. Texas law has long provided the location of hiring, or the plaintiff's residence, as a venue choice.

Furthermore, assuming arguendo, that one could ignore the hiring and retention of Mr. Rey (without which, none of this would have occurred); defendants have made no proof under the venue procedure, to support their alleged choice, and such proof

State Bar No. 01133070
Attorney for Plaintiff

is required. *See*, Texas Rules of Civil Procedure 86 (3), (4); GeoChem Tech Corp.v. Verseckes, 962 S.W.2d 541, 543 (Tex. 1998).

In fact, the only evidence of any business conducted by the employer defendants (now defunct Texas corporations, see Exhibit D); is provided by Mr. Hart's affidavit. Mr. Hart relates a phone call he received, as his contact; similar to Mr. Rey. No evidence of any decision, day to day activities, or physical presence has been produced, related to Hardin County, or any other location.

From a technical standpoint, plaintiff's Reply was wholly unnecessary, as defendants filed this motion, without joining a proper challenge, and without evidence to support their distant forum choice. Nevertheless, this Reply is tendered in an abundance of caution, and out of respect for the Court.

### D.
### Conclusion

There is no basis for venue in Hardin County; there is no evidence to establish that Hardin County is a proper venue choice. Coors is a foreign corporation, is not inconvenienced by participation in a lawsuit filed by a person who has been disabled as a result of exposure to ammonia. Cameron County has substantially more of a relationship to this lawsuit than does Hardin County, and provides the same protections for a Defendant under the Texas rules of civil procedure and other remedies, protecting all litigants in Texas State Courts. To require a disabled Plaintiff to travel to Hardin County, no one who has joined by this lawsuit who has appeared or answered, has any connection to that county, would be a miscarriage of justice.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jesus Rey, Sr., respectfully requests this Court, to find the venue of this suit be Cameron County, based on the evidence presented above, and for all other and further relief to which he may be justly entitled.

Signed on this the 27th day of April, 2004.

Respectfully submitted,

THE ALWORTH LAW FIRM, P.C.
62 E. Price Road
Brownsville, Texas 78521
Telephone No.: (956) 542-7700
Facsimile No.: (956) 504-2377

By: _____
Jon R. Alworth

CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
|     PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
|     DEFENDANTS | § | 138th JUDICIAL DISTRICT |

**EXHIBIT (A)**

<u>AFFIDAVIT</u>

STATE OF TEXAS               §

COUNTY OF CAMERON           §


BEFORE ME, the undersigned authority, on this day personally appeared, Jesus Rey, Sr. whose identity is known to me and who, having been first duly sworn upon oath stated:

"My name is Jesus Rey, Sr., I am over the age of eighteen; I have never been convicted of a felony, am sound of mind and capable of executing this affidavit. I am the Plaintiff in the lawsuit styled; Jesus Rey, Sr. v Coors Brewing Company; Process Enterprises, Inc.; T&C Consultants, Individually and DBA Process Enterprises, Virginia.

In early July, 2001, I received a call from Darrell Hart (a man I had worked for on past jobs), who was calling on behalf of Process Enterprises, Inc., asking me if my son (Jesus Rey, Jr.) and I would come work for him at the Coors brewery in Elkton, Virginia. Darrell Hart, had been hired by Process Enterprises to recruit, hire and agree on a crew. Mr. Hart, (Darrell) explained to me the terms of the employment, that the pay was $20.00 an hour and $80.00 a day per diem, he also told me that it was good, clean work and that it would be safe, (we previously worked with him in refineries, and the work is dangerous) easy and that there would be plenty of overtime and long term work. The money was good and my son and I had recently been laid off from our previous job; we accepted. My son and I had worked for Mr. Hart in the past, we knew he would stick with the agreement we had agreed to over the phone; he had in the past, and we had no worries that he did not have the authority to hire us and set out our pay and terms of work. Two other local co-workers were also hired by Darrell, so the two co-workers, my son and I, packed our things and left on a Saturday morning. We arrived in Virginia on Sunday at noon, as soon as we arrived, we called Darrell and he met us at our hotel, gave us directions to the Coors plant and we went to work on Monday morning. We worked for the brewery until I was hurt, then we came home.

My name is Jesus Rey, Sr., I have read the foregoing document, it is my personal statement, all information contained herein is true and correct, to the best of my knowledge.

Signed this __17__ day of __July__, 2004.

_Jesus M. Rey_
Jesus Rey, Sr.

SUBSCRIBED and SWORN to before me on _17th July_, 2004.

_Gela Brooks_
Gela Brooks

Notary Public, State of Texas.  Commission expires: 01/22/2007



CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

# EXHIBIT (B)

## AFFIDAVIT

STATE OF TEXAS                    §

COUNTY OF CAMERON                 §

BEFORE ME, the undersigned authority, on this day personally appeared Jesus Rey, Jr., whose identity is known to me and who, having been first duly sworn upon oath stated:

"My name is Jesus Rey, Jr., I am over the age of eighteen; I have never been convicted of a felony, am sound of mind and capable of executing this affidavit.  My father (Jesus Rey Sr. ), is the Plaintiff in the lawsuit styled; Jesus Rey, Sr. v Coors Brewing Company; Process Enterprises, Inc.; T&C Consultants, Individually and DBA Process Enterprises, Virginia.

My dad and I, had previously worked for a man named, "Darrell Hart" in the oil refineries.  Mr. Hart was a good man to work for and treated us well and with respect.  In early July of 2001, my father got a call from Mr. Hart at our home in Brownsville, Texas; (we had been looking for work, we had recently been laid off), Mr. Hart offered my father and I a job, he told my dad they he would be making $20.00 an hour and $80.00 per day per diem.  I was offered $18.50 a day and $80.00 per Diem.  The job was for Process Enterprises and we would be working in Virginia at the Coors brewery.  We knew Mr. Hart from being our boss before, and knew that if he had a job for us in Virginia, then it would be a good job.  Mr. Hart told my dad that it was a clean, safe place to work, we had worked in some dangerous jobs before for "petro-chemical" companies, and working in a safe, clean environment was exciting, also, it was good money.  My dad and I accepted the job with Mr. Hart, he asked us to come right away and that two other local workers would also be going and we could all ride together.  We all left together on a Saturday, drove all night and arrived on Sunday in Elkton, Virginia.  Mr. Hart came to meet us give us directions and said he would see us on Monday morning at the Coors plant.  We began working on that Monday, and worked until my dad got hurt".

My name is Jesus Rey, Jr., I have read the foregoing document, it is my personal statement, all information contained herein is true and correct, to the best of my knowledge.

Signed this _17_ day of _July_ , 2004.

_____
Jesus Rey, Jr.

SUBSCRIBED and SWORN to before me on _July 17_ , 2004.

_____
Gela Brooks

Notary Public, State of Texas.  Commission expires: 01/22/2007

CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

# EXHIBIT (C)

19-JL-04

I, DARRELL G. HART, WAS HIRED "OVER THE PHONE" BY MIKE WELCH TO WORK FOR PROCESS ENTERPRISE AS A PIPING FOREMAN AT COORS BREWERY IN ELKTON, VA. ON JULY 1st 2001.

SHORTLY THEREAFTER, I CALLED JESUS REY AND "HIRED HIM BY PHONE". I DID STATE THAT THE JOBS HAD GOOD CLEAN WORK AND THE PAY SCALE WAS $20.00 PER HOUR WITH $30.00 A DAY PER DEIM. I STATED IT WOULD BE SAFE, EASY WORK SINCE MOST PIPING WAS "SMALL BORE".

COORS - CLIENT
PROCESS ENTERPRISE - CONTRACTOR
    MIKE WELCH - PIPE SUPERINTENDANT
    DARRELL HART - PIPE FOREMAN
    JESUS REY - PIPE FITTER

HOPE THIS HELPS YOU.

DARRELL G. HART

Sworn before me this 19th day of July, 2004.

Stephanie L. Miche #58425
Notary Public

CAUSE NO. 2003-10-005137-B

| | | |
|---|---|---|
| JESUS REY, SR. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| COORS BREWING COMPANY, ET AL | § | |
| DEFENDANTS | § | 138th JUDICIAL DISTRICT |

# EXHIBIT (D)

 

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Login

**Temporary Login**

Your request for temporary access to the SOSDirect web site has been granted. Your session is: **072004OYLOMY**. Please make note of this code so that you may review your briefcase to check on status of and retrieve orders. As a temporary user, you may conduct searches, and order copies and certificates. In order to file documents over the web or place bulk orders, you must be a SOSDirect subscriber. Fees paid by credit card are subject to the statutorily authorized processing cost of 2.1% of total fees.

Thank you,
Office of the Secretary of State

---

Instructions:
- To begin, select UCC, Business Organizations or Trademarks from the blue navigation bar shown above.




Texas Secretary of State
Geoffrey S. Connor

**SOSD**irect

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

**FIND ENTITY NAME SEARCH**

This search was performed on with the following search parameter:
ENTITY NAME : Process Enterprises, Inc

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|------|--------------|------|-------------|---------------|-----------|-------------|
| ○ | 139657100 | PROCESS ENTERPRISES, INC. | Domestic Business Corporation | Forfeited existence | Legal | Inactive |
| ○ | 28123000 | DATA PROCESSING ENTERPRISES, INC. | Domestic Business Corporation | Forfeited existence | Legal | Inactive |
| ○ | 703913723 | ENTERPRISE GAS PROCESSING, LLC | Foreign Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 703913723 | ENTERPRISE GAS PROCESSING, LLC | Foreign Limited Liability Company (LLC) | In existence | Legal | Inactive |
| ○ | 65079500 | ENTERPRISE DATA PROCESSING, INC. | Domestic Business Corporation | Voluntarily dissolved | Legal | Inactive |
| ○ | 65287300 | ENTERPRISE ITEM PROCESSING, INC. | Domestic Business Corporation | Forfeited existence | Legal | Inactive |
| ○ | 151848100 | ENTERPRISE PROCESSES GROUP, INC. | Domestic Business Corporation | In existence | Legal | In use |
| ○ | 10605606 | PRICE ENTERPRISES, INC. | Foreign Business Corporation | Terminated | Legal | Inactive |
| ○ | 12248406 | PRICE ENTERPRISES, INC. | Foreign Business Corporation | In existence | Legal | In use |
| ○ | 12826506 | PRECIOUS ENTERPRISES, INC. | Foreign Business Corporation | Forfeited existence | Legal | Inactive |

Records 1 to 10 of 90 scroll      OR  proceed to page [    ] of 9 pages 

   

---

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

# Texas Secretary of State
# Geoffrey S. Connor

**SOSD**irect

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 139657100 | **Entity Type:** | Domestic Business Corporation |
| **Original Date of Filing:** | April 15, 1996 | **Entity Status:** | Forfeited existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 30118525804 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | PROCESS ENTERPRISES, INC. | | |
| **Address:** | PO BOX 1245 | | |
| | SILSBEE, TX 77656 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | **Address** | | | | **Inactive Date** |
| Norman Thornton | 1935 HIGHWAY 96 BYPASS SILSBEE, TX 77656 USA | | | | |

[ Order ]    [ Return to Search ]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

# Texas Secretary of State
# Geoffrey S. Connor



UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

## FIND ENTITY NAME SEARCH

This search was performed on with the following search parameter:
ENTITY NAME : T&C Consultants

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|------|---------------|------|-------------|---------------|-----------|-------------|
| ○ | 161909700 | T&C CONSULTANTS, INC. | Domestic Business Corporation | Forfeited existence | Legal | Inactive |
| ○ | 800104813 | T. C. CONSULTING, INC. | Domestic Business Corporation | In existence | Legal | In use |
| ○ | 128642000 | TC CONSULTING GROUP, INC. | Domestic Business Corporation | Forfeited existence | Legal | Inactive |
| ○ | 59004800 | C & T DATA CONSULTANTS, INC. | Domestic Business Corporation | Forfeited existence | Legal | Inactive |
| ○ | 63666900 | C&T CONSULTING GROUP, INC. | Domestic Business Corporation | In existence | Legal | In use |
| ○ | 500423124 | C & T CONSULTING SERVICES, L.L.P. | Domestic Limited Liability Partnership (LLP) | Expired | Legal | Inactive |
| ○ | 800069201 | C & T Consulting Services, L.L.P. | Domestic Limited Liability Partnership (LLP) | In existence | Legal | In use |
| ○ | 800164355 | C & T Information Technology Consulting, Inc. | Domestic Business Corporation | In existence | Legal | In use |
| ○ | 162966100 | DELTA C CONSULTING, INC. | Domestic Business Corporation | In existence | Legal | In use |

[ Return to Order ]    [ New Search ]

---

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

**Texas Secretary of State**
**Geoffrey S. Connor**

**SOSD**irect

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 161909700 | **Entity Type:** | Domestic Business Corporation |
| **Original Date of Filing:** | March 12, 2001 | **Entity Status:** | Forfeited existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32003246520 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | T&C CONSULTANTS, INC. | | |
| **Address:** | 5399 SHERWOOD TRL | | |
| | SILSBEE, TX 77656 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| Norman A Thornton | 130 SHERWOOD TRAIL SILSBEE, TX 77656 USA | |

Order     Return to Search

_____

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

## AFFIDAVIT

My name is Jessica Cruz, I'm over the age of eighteen; I have never been convicted of a felony, I am sound of mind and capable of executing this affidavit. The information attached in Exhibit A, was obtained from the Secretary of State website, and Exhibit B represents a true and correct copy of that information.

*Jessica Cruz    July 20, 2004*

*Jessica Cruz*

*Gela Brooks, Notary*

*Gela Brooks*

*7-20-04*

GELA BROOKS
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
1-22-2007