IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
OCT - 8 2004
Michael N. Milby, Clerk of Court

| | |
|---|---|
| JESUS REY, SR. § | |
| § | |
| V. § | CIVIL ACTION NO. B-04-134 |
| § | |
| COORS BREWING COMPANY; § | |
| PROCESS ENTERPRISES, INC.; § | |
| T&C CONSULTANTS, Individually and § | |
| d/b/a PROCESS ENTERPRISES, VIRG. § | |

## JOINT DISCOVERY CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   Counsel for Plaintiff and Defendant met telephonically on Thursday, October 7, 2004 after exchanging messages for weeks. Plaintiff was represented by Jon Alworth. Defendant was represented by Christopher Moore.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   Defendant removed this case to federal court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. Name the parties who disagree and the reasons.

   None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

6. List anticipated interventions.

   None.

7. Describe class-action issues.

None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Pursuant to Rule 26(a), Defendant and Plaintiff will make the required initial disclosures at or within 14 days after this Rule 26(f) conference.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      (1) Plaintiffs and Defendants have agreed that the initial disclosures shall be made at or within 14 days of this Rule 26(f) conference.

      (2) Discovery may be needed on all issues of liability and damages. Plaintiffs and Defendants do not believe that discovery should be conducted in phases or will be limited to certain issues at this time. Furthermore, Plaintiffs and Defendants agree that discovery should be completed by August 1, 2005. .

      (3) Plaintiffs and Defendants are not aware of any changes that should be made in the limitations on discovery.

      (4) Plaintiffs and Defendants are not aware of any other Orders that should be entered by the Court under Rule 26(c) and refers to the description below for Rule 16(b) and (c) matters.

   B. When and to whom the Plaintiff anticipates it may send interrogatories.

      Within 60 days of the Rule 26(f) conference. Plaintiff reserve the right to submit additional written discovery, if necessary, so long as such submissions are consistent with the Federal Rules of Civil Procedure and the local rules.

   C. When and to whom the Defendant anticipates it may send interrogatories.

      Within 60 days of the Rule 26(f) conference. Defendant reserve the right to submit additional written discovery, if necessary, so long as such submissions are consistent with the Federal Rules of Civil Procedure and the local rules.

   D. Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the deposition of safety personnel, supervisors/managers and medical personnel from Virginia. Defendant anticipates these depositions would be completed after the deposition of the plaintiff and within the nine months of the initial pretrial and scheduling hearing.

E. Of whom and by when the Defendant anticipates taking oral depositions.

Defendant anticipates taking the deposition of Plaintiff Jesus Rey, Sr. Defendant may also take the depositions of any other fact or expert witnesses who may be identified during the course of discovery. Defendant anticipates that the depositions may be completed within nine months of the initial pretrial and scheduling hearing.

F. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff:   Designation and Reports:   May 2, 2005
Defendant:  Designation and Reports:   June 1, 2005

G. List the expert depositions (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)

Defendant anticipates any expert deposition will be taken before the designation deadline for the party.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

Defendant anticipates taking the deposition of all Plaintiff's expert witnesses before the discovery deadline.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.

The parties have no specific disagreement.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

Before removal Defendant served requests for production, admissions and interrogatories upon Plaintiff and had received his responses and objections in the State Court cause.

12. State the date the planned discovery can reasonably be completed.

August 1, 2005.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

After discovery, the parties will consider mediation of this case.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Have begun the discovery process in an attempt to gain enough information to be able to evaluate the case.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Defendant agrees to mediation.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    There is no objection to a trial before a magistrate.

17. State whether a jury demand has been made and if it was made on time.

    A jury trial was timely requested.

18. Specify the number of hours it will take to present the evidence in this case.

    Defendant anticipates around a 5-day trial.

19. List pending motions that could be ruled on the initial pretrial and scheduling conference.

    Any initial motions on file.

20. List other motions pending.

    Defendant anticipates filing a Motion to Transfer.

21. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    1. Jon R. Alworth
       State Bar No. 01133070
       The Alworth Law Firm, PC
       62 East Price Road
       Brownsville, Texas 78521
       (956) 542-7700
       Fax: (956) 504-2377

      Or
111 Soledad Street, Suite 1215
San Antonio, TX 78205-2284
(210) 227-2315
Attorney for Plaintiff Jesus Rey, Sr.

2.    Joseph A. "Tony" Rodriguez, Attorney in Charge
Southern District Admissions No. 10107
State Bar No. 17146600
Eduardo Roberto Rodriguez
Southern District Admissions No. 1944
State Bar No. 17144000
Christopher E. Moore
Southern District Admissions No. 36611
State Bar No. 24011075
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Samuel Walker
Coors Brewing Company
Risk Management Department – NH314
Golden, Colorado 80401
Telephone: (303) 277-2164
Facsimile: (303) 277-6212
Attorney for Defendant Coors Brewing Company

By: ____*J Alworth*____      Date: 10-08-04
    Jon R. Alworth    by Permission
                      Chris Moore

By: ____*J Rodriguez*____      Date: 10-08-04
    Joseph A. "Tony" Rodriguez   Chris Moore

Respectfully submitted,

Rodriguez, Colvin, Chaney & Saenz, L.L.P.

By: _____
Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District Admissions No. 1944
Joseph A. "Tony" Rodriguez
State Bar No. 17146600
Southern District Admissions No. 10107
Christopher E. Moore
Southern District Admissions No. 36611
State Bar No. 24011075
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170


Samuel Walker
Coors Brewing Company
Risk Management Department – NH314
Golden, Colorado 80401
Telephone: (303) 277-2164
Facsimile: (303) 277-6212

ATTORNEYS FOR DEFENDANT,
COORS BREWING COMPANY

By: _____   by permission
Jon R. Alworth                     Chris Moore
State Bar No. 01133070
The Alworth Law Firm, PC
62 East Price Road
Brownsville, Texas 78521
(956) 542-7700
Fax: (956) 504-2377

Or

        111 Soledad Street, Suite 1215
        San Antonio, TX 78205-2284
        (210) 227-2315
        ATTORNEY FOR PLAINTIFF JESUS REY, SR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Opposed Joint Discovery Case Management Plan was served upon all counsel of record, to-wit:

  Jon R. Alworth
  The Alworth Law Firm, PC
  62 East Price Road
  Brownsville, Texas 78521
  Attorney for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Federal Rules of Civil Procedure on this the 8th day of October, 2004.

        _____
        Christopher Moore