United States District Court
Southern District of Texas
FILED

NOV 29 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS REY, SR. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-134 |
| | § | |
| COORS BREWING COMPANY; | § | |
| PROCESS ENTERPRISES, INC.; | § | |
| T&C CONSULTANTS, Individually and | § | |
| d/b/a PROCESS ENTERPRISES, VIRG. | § | |

### DEFENDANT COORS BREWING COMPANY'S
### MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW COORS BREWING COMPANY, Defendant in the above entitled and numbered cause, and files this its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and in support thereof would show the Court as follows:

#### I. PARTIES AND RELIEF SOUGHT

Plaintiff is Jesus Rey, Sr., a pipe worker, who was employed with Process Enterprises who was allegedly hired to complete a construction project for Coors Brewing Company in Virginia. Defendant is Coors Brewing Company (hereinafter "Defendant"). Plaintiff brings the instant suit against Defendant alleging that he suffered harm following exposure to ammonia.

Defendant files this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and asks the Court to transfer the case to the United States District Court of the Western District of Virginia, Harrisonburg Division. This Court may transfer a suit to any other District or Division where it might have been brought for the convenience of parties and

witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Further, the Court must transfer venue in accordance with 28 U.S.C. § 1404(a) where the District to which transfer is sought is the District where the accident occurred, where the parties and all fact witnesses can be located, and the Plaintiff cannot demonstrate that the citizens of the District in which suit has been brought have a connection with the events of the case or have a localized interest in adjudicating the case. *In re Volkswagen A.G.; Volkswagen of America, Inc.*, Petitioners, 371 F.3d 201, 2004 WL 1098840, 2-4 (5th Cir. 2004).

Based on the evidence and the pleadings in this cause, this matter should be transferred out of the Brownsville Division of the United District Court for the Southern District of Texas to the Western District of Virginia, Harrisonburg Division for the convenience of the parties and witnesses and in the interest of justice. The Western District of Virginia is an appropriate venue for this suit because it is a district in which Plaintiff's claim could have been originally filed. Moreover, the Western District of Virginia is a much more convenient forum for the parties because the vast majority of witnesses, records, and the Coors Shenandoah facility are all located there. In addition, the alleged exposure occurred in Virginia at the Shenandoah facility. The Western District of Virginia is therefore much more convenient for all witnesses. The cost of obtaining witness testimony heavily weighs in transferring this case to Virginia because virtually all the witnesses with knowledge of relevant facts reside in Virginia. Further, the events in issue occurred in Virginia and the sources of proof are located in Virginia. Finally, the interests of justice in general and the Court's calendar support transferring this cause from the Southern District of Texas.

## II. FACTS RELEVANT TO MOTION

Plaintiff brings the instant suit against Defendant alleging that he was exposed to toxic chemicals, specifically ammonia, as a result of the Defendant's negligence. *See* Exhibit A (Original Petition). The alleged exposure occurred sometime during October of 2001. Plaintiff claims that the exposure to these chemicals took place during his employment at the Coors Brewing Company facility in Elkton, Virginia (a/k/a the Shenandoah facility). Elkton, Virginia is located within the Western District of Virginia, Harrisonburg Division. The Defendant that originally had a tie to South Texas, Process Enterprises, dissolved and is no longer a party to this lawsuit.

## III. ARGUMENT AND AUTHORITIES

Coors Brewing Company seeks a transfer to the Western District of Virginia, pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statute, Coors Brewing Company bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966) (highlighting that the movant bears the burden of demonstrating that the action should be transferred). The decision to transfer the case rests within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *In re*

*Horseshoe Entertainment,* 337 F.3d 429, 432 (5th Cir. 2003). In determining whether a venue transfer is warranted, the Court considers the following factors: the availability and convenience of witnesses and parties; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the likelihood of delay and prejudice if transfer is granted; and plaintiffs' choice of forum. *In re Horseshoe,* 337 F.3d at 434-35; *Lemery v. Ford Motor Co.,* 244 F. Supp.2d 720, 729 (S.D.Tex. 2002). The location of counsel is not a factor. *In re Horseshoe,* 337 F.3d at 434.

The convenience of key witnesses is the most significant aspect of a motion to transfer venue. *Lemery,* 244 F.Supp.2d at 730. Inconvenience to and availability of non-party witnesses is critical; convenience to witnesses controlled or employed by the parties is entitled to less deference. *Id.* The place of the alleged wrong is also of primary importance. *Id.* At 732.

Plaintiff's choice of forum is a factor, but it is not conclusive or determinative. *In re Horseshoe,* 337 F.3d at 434. The location of books and papers is not a critical factor in personal injury actions. *Lemery,* 244 F. Supp.2d at 731. Only in special circumstances will delay and prejudice be relevant to the propriety of transfer; even then it must be shown by clear and convincing evidence. *In re Horseshoe,* 337 F.3d at 434. The mere possibility of delay alone does not merit denial. *Lemery,* 244 F.Supp.2d at 732; *McGinnis v. Eli Lilly & Co.,* 181 F.Supp.2d 684, 691-2 (S.D.Tex. 2002).

1. LOCATION OF KEY WITNESSES

Plaintiff worked for a construction company that was hired to add a new bottle packaging line to the Coors Shenandoah facility outside of Elkton, Virginia. The general contractor, Jacobs Engineering, hired Process Enterprises, the company that Plaintiff worked for, to do the piping work necessary to complete the new bottle packaging line. There are two groups of key non-party witnesses that favor transfer of this case

The first group of key non-party witnesses includes the supervisors and Coors employees who oversaw and worked on the construction of the packaging line. This group includes people like Mark Dwyer who was, and still is, the Shenandoah facility's Project Manager. Mark Dwyer was in charge of the entire construction project and his testimony is crucial to this case. Mark Dwyer resides in Virginia and can be found at 5135 South Eastside Highway, Elkton, Virginia. Another non-party witness important to the resolution of this case is Dan Kennedy, the Shenandoah facility's Supervisor of Utility. Dan Kennedy resides at the Shenandoah facility and supervised the handling of ammonia, the very chemical that Plaintiff claims was the result of his injury. Dan Kennedy can be found at 5135 South Eastside Highway, Elkton, Virginia.

The list of vital non-party witnesses whose testimony is crucial to this case is a long one. It includes people like Mike Ouderkirk, the Coors Shenandoah facility's Environmental Health and Safety Manager, Brent Berry, the Shenandoah Safety and Security Officer, and Ed Ryan, the facility's Business Unit Manager. For purposes of this case, the most important similarity between all of the supervisors and employees at the Coors Shenandoah facility who worked with or supervised the Plaintiff, is that they

all reside and work in Elkton, Virginia. The location of this group of witnesses favors transfer of the case to Virginia.

The second group of key non-party witnesses includes the supervisors and employees of Jacobs Engineering who were hired by Coors Brewing Company to complete the packaging line project. This list includes Butch Massa, Jacob's Project Manager, who oversaw the construction for Jacobs Engineering and worked closely with Mark Dwyer from Coors Brewing Company. It also includes Bob Bergeron, Jacob's Safety Representative. These witnesses who work for Jacobs Engineering can be found in Greenville, South Carolina. Although not in Virginia, Greenville is located substantially closer to Elkton, Virginia than Brownsville, Texas. It would be more convenient for this group of witnesses to travel to Virginia than to Brownsville. Thus, the location of this group of witnesses favors transfer of the case to Virginia.

This factor clearly favors transfer.

2. LOCATION OF THE ALLEGED WRONG

The alleged exposure occurred at the Shenandoah facility in Elkton, Virginia. This factor clearly favors transfer.

3. LOCATION OF BOOKS AND PAPERS

Most of the relevant records are located in Greenville, South Carolina and in Elkton, Virginia. This factor clearly favors transfer.

4. COSTS OF TRIAL

Arguably, on the whole it will be more burdensome for the Plaintiffs to attend trial in Virginia than in Brownsville. Again the non-party witnesses tip the balance. It will be

less costly for them to attend trial in Virginia. Therefore, this factor is either neutral or slightly favors transfer.

5. POSSIBILITY OF DELAY

There is some possibility of delay if transfer is granted. Absent strong proof of delay and special circumstances, the possibility of delay is not a proper factor. *In re Horseshoe*, 337 F.3d at 434. Therefore this factor is neutral.

6. PLAINTIFF'S CHOICE OF VENUE

This factor favors retention.

7. DISCUSSION

The location of the alleged wrong and the convenience of key non-party witness clearly favors a section 1404 transfer. In cases where the alleged wrongdoing occurred in another district, courts usually grant a section 1404 transfer. *See e.g., Lemery*, 244 F.Supp.2d at 732-733 (wrongful death/products liability suit for auto crash in New York transferred to that district); *McGinnis*, 181 F.Supp.2d at 691-692 (wrongful death/products liability suit for taking Prozac transfer to district where deceased used drug and died).

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Coors Brewing Company prays its motion be considered, the court grant an evidentiary hearing on said motion, and upon hearing same, the Court grant a transfer of venue.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP

By: _____
Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District Admissions No. 1944
Joseph A. "Tony" Rodriguez
State Bar No. 17146600
Southern District Admissions No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

Samuel Walker
Coors Brewing Company
Risk Management Department – NH314
Golden, Colorado 80401
Telephone: (303) 277-2164
Facsimile: (303) 277-6212

ATTORNEYS FOR DEFENDANT,
COORS BREWING COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded on this ___ day of _____, 2004, to the following counsel of record and interested parties:

> Jon R. Alworth
> The Alworth Law Firm, PC
> 62 East Price Road
> Brownsville, Texas 78521
> Attorney for Plaintiff

_____
Joseph A. "Tony" Rodriguez