United States District Court
Southern District of Texas
FILED

DEC 2 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS REY, SR. | § | |
| | § | |
| VS. | § | |
| | § | C.A. NO. B-04-134 |
| COORS BREWING COMPANY, | § | |
| PROCESS ENTERPRISES, INC., | § | |
| T&C CONSULTANTS, Individually and | § | |
| d/b/a PROCESS ENTERPRISES, VIRG. | § | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO
DEFENDANT'S
MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes plaintiff, Jesus Rey, and files this Response opposing defendant's Motion to

Transfer Venue, respectfully requesting that the Court deny defendants request in all respects,

and in support thereof, would show the court as follows:

A. Introduction and Factual Background

1.    Jesus Rey, a resident of Cameron County, Texas, is the plaintiff. Coors Brewing

Company, Process Enterprises, Inc., T&C Consultants, Individually and d/b/a Process

Enterprises, Virginia are the defendants.

2.    Plaintiff sued defendants for damages arising from his exposure to toxic chemicals. Mr.

Rey was exposed to ammonia in a facility under the dominion and control of defendant, Coors.

3.    The defendants recruited and solicited Mr. Rey at his home in Cameron County, Texas.

4.    Defendant's acts and omissions, in failing to assure their facility was vacated, before they

intentionally released poisonous and toxic ammonia fumes, constituted extreme negligence.

5. The defendants' conduct demonstrated a disregard for the rights, safety and welfare of the plaintiff, and caused him to suffer severe, permanent and disabling injuries.

6. Plaintiff sued Defendants in State District Court, Cameron County, Brownsville, Texas. Thereafter, defendant, Coors Brewing Company, removed this cause to the United States District Court for the Southern District of Texas, Brownsville Division.

7. Defendant, Coors, then filed a motion to transfer the suit to Virginia.

8. Defendant, Coors, has failed to meet its burden and has not given compelling, nor sufficient cause, to show that the plaintiff's choice of forum should be vacated. Consequently, the suit should not be transferred, and defendant's Motion should in all respects, be denied.

## B. The Defendants Conduct Establishes Venue in South Texas

9. The defendant, Coors Brewing Company, by and through their agent, Process Enterprises, contacted, solicited, and recruited the plaintiff, Jesus Rey, at his home in Cameron County, Texas. At the request of defendants, and on their behalf, Darrell Hart (see affidavits of Mr. Hart and Mr. Rey, Exhibits "A" and "B"), initiated contact with Mr. Rey, in Cameron County, in the furtherance of Coors' business interests.

10.     Coors had enlisted Process Enterprises, who acted through Darrell Hart, for the purpose of obtaining skilled, temporary, pipe workers for their Virginia brewing facility. Coors chose to enter Cameron County, creating the unmistakable nexus with the injuries complained of in this lawsuit. Were it not for Coors' actions, by and through Mr. Hart, initiating the relationship and the events that placed Mr. Rey in harms way, there would be no interaction, nor litigation, between these parties. Coors conduct in Cameron County, as Mr. Hart and Mr. Rey consummated the agreement for Mr. Rey to work in Virginia, provided a substantial and integral part of the events and omissions that gave rise to this claim. Coors not only entered the county to

solicit its residents; but also made promises, through Mr. Hart, regarding the working conditions in Virginia. Those promises were not kept.

11.     Furthermore, Coors conducts business throughout the United States, and has a continuing and ongoing presence in Cameron County, aside and apart from the events that provide the basis for this lawsuit. Coors is no stranger here, and their recruitment efforts provide testament to their presence.

## C. Argument and Authorities

12. Although the Court may transfer a suit to any other district or division where it might properly have been brought, the facts and circumstances of this case do not merit, nor require such action. The controlling statutory instructions, 28 U.S.C. § 1404(a), mandate, "the convenience of parties and witnesses" and the, "interest[s] of justice," as guidelines for the Court.

13.     Although, the determination of "convenience" turns on a number of public and private factors, none of which, considered alone, is given dispositive weight; the burden to disturb the plaintiff's choice of forum is a heavy one, and the choice of forum is to be weighed heavily in favor of the plaintiff.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843 (1947).

14. The plaintiff's choice of forum is granted great weight, and should not be rejected unless clearly outweighed by other considerations. *Robinson, Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

15.     The private (between the litigants and witnesses) concerns include:  a) the relative ease of access to sources of proof; b) the availability of compulsory process to secure the attendance of witnesses; c) the cost of attendance for willing witnesses; and d) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241; n. 6 (1981).

16.     The public concerns include: a) the administrative difficulties flowing from court congestion; b) the local interest in having localized interests decided at home; c) the familiarity of the forum with the law that will govern the case; and d) the avoidance of unnecessary problems regarding conflict of laws and with the application of foreign law.  *Id.*

17.     The court should deny defendant's motion to transfer venue, for at least, the following reasons:

    a.  The present forum is as convenient for the defendant as the requested forum; however, the plaintiff, who is ill, would be considerably inconvenienced by the transfer.  *Sorrels Steel Co. v. Great SW Corp., 651 F. Supp. 623, 629 (S.D. Miss. 1986).*   Plaintiff resides in Cameron County, Texas and the only eyewitnesses to the incident giving rise to Plaintiff's claims, live in Cameron County, Texas.(Plaintiff alleges exposure after the plant was evacuated, without informing plaintiff and crew). Secondly, numerous fact witnesses including treating physicians and co-workers reside in Texas.  The treating physicians, who are critical to the case, reside in Cameron County, Texas.  Other material witnesses, such as the co-workers from Co-defendant Process Enterprises, Inc., all reside in Texas as well.  Additionally, all supervisory personnel tasked with providing guidance to Plaintiff, and serving as liaisons to Defendant, Coors Brewing Company, reside in

Texas.  To the best of Plaintiff's knowledge, Defendant, Coors' employees, exited the vicinity, leaving plaintiff behind to face the danger.

b.      A transfer to another district will not be more convenient for the <u>material</u> witnesses to the issues of this case.  28 U.S.C. § 1404(a); *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D. N.Y. 1996). To the best of Plaintiff's knowledge, defendant, Coors' employees, all left the incident location as instructed, leaving Mr. Rey and his crew unaware, unprotected and in a dangerous and toxic environment.   Other material witnesses, co-workers from co-defendant Process Enterprises, Inc., all reside in Texas.  The term "witnesses" contemplates consideration of all witnesses, and not just the movant's' witnesses.

c.   Co-Defendant Process Enterprises, Inc.'s witnesses can more easily testify in this district.  These are material witnesses, who had their lives on the line at the time of defendant, Coors Brewing Company's negligence. Plaintiff expects will testify as to the hiring of Plaintiff, the promises made to Plaintiff, the lack of safety precautions at the work site, the abandonment of the injured Plaintiff after the incident, and the general work conditions.

d.   Defendant, Process Enterprises, Inc. is a Texas corporation that has not consented for this suit to be transferred to Virginia.  Although Process has had its charter forfeited, the Texas Business Corporation Act "survival" article 7.12 (c)  states as follows:

> "A corporation shall not be liable for any claim other than an existing claim.  An existing claim by or against a dissolved corporation shall be extinguished unless an action or proceeding on such existing claim is brought before the expiration of the three-year period following the date of dissolution.  If an action or proceeding on an existing claim by or against a dissolved corporation is brought before the expiration of the three-year period following the date of dissolution and such existing claim was not extinguished pursuant to Section D of this Article, the dissolved corporation shall continue to survive (1) for purposes of that action or proceeding until all judgments, orders, and decrees therein have been fully

executed, and (2) for purposes of applying or distributing any properties or assets of the dissolved corporation as provided in Subsections (3) and (4) of Section A of Article 6.04 of this Act until such properties or assets are so applied or distributed." TEX. BUS. CORP. ACT, ART. 7.12. (Vernon Supp. 2003) Limited Survival After Dissolution. *See also Pellow v. Cade*, 990 S.W.2d 307, (Tex. App.-- Texarkana 1999), *Hinkle v. Adams*, 74 S.W.3d 189 (Tex.App.-Texarkana 2002)

Furthermore, the comment to article 7.12 states:

Article 7.12 was further amended in 1993 to add corporate termination effected under the Tax Code as dissolutions under Article 7.12. As a result, a corporation whose charter is forfeited under the Tax Code is considered to be involuntarily dissolved pursuant to Article 7.12 and the directors will have the duties and obligations provided for under Article 7.12 and the corporation may engage in the activities provided under that section. TEX. BUS. CORP. ACT ANN. art. 7.12 cmt. (Vernon Supp. 2003).

Thus, Texas Co-Defendant Process Enterprises, Inc., having been properly sued within the three years after it was dissolved and more importantly having a claim arise against them before it forfeited its charter, needs to be afforded an opportunity to voice whether it will voluntarily and purposefully avail itself to the Virginia forum.

Additionally, Texas Co-Defendant T&C Consultants, having been properly sued within the three years after it was dissolved; and more importantly having a claim arise against them before it forfeited its charter, is a Texas entity, with Texan ownership.

e.  Additional practical considerations make the trial of this case more efficient and less expensive in Texas and in this District. Defendant, Coors, has not sought to join defendants, and their Virginia employees, are for the most part, not material witnesses. Most crucial witnesses reside in Texas. The docket congestion between this district and a Virginia district is relatively the same based on recent federal court management statistics. Furthermore, the parties did not enter into a contract

containing a forum selection clause providing for the resolution of a suit in Virginia.

f.   The citizens of this District have compelling and important concerns and interests related to the fact and circumstances of this controversy. Texans have fundamental interests at stake when their citizens are recruited for temporary employment elsewhere.  These interests are particularly strong when the contract for hire occurs in Texas. Plaintiff resides here; was recruited by defendant, Coors, by and through a fellow Texan; is and has received substantial medical treatment here; and most of the material witnesses reside in Texas.

g.   This court is familiar with the law that will govern the case.  Specifically, plaintiff will argue that Texas law controls, since defendants breached their contract to provide a safe place to work, and made misrepresentations about the safety of the workplace. For purposes of argument, should Virginia law be found applicable in any respect, the relevant provisions should be mainstream and well developed areas of jurisprudence.

## D. Conclusion

18.   The plaintiff's right to choose the forum in which to prosecute a lawsuit is well established. The defendant has not met its burden to show that the forum chosen is so manifestly inconvenient that a transfer is warranted or just. Accordingly, the Court should deny defendant's motion to transfer and retain the case on this Court's docket.

Respectfully submitted,

**THE ALWORTH LAW FIRM, P.C.**
62 E. Price Road
Brownsville, Texas  78521
Telephone No. (956) 542-7700
Facsimile No. (956) 504-2377


BY: _____
        JON R. ALWORTH
        State Bar No. 01133070

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of *Plaintiff's Memorandum In Opposition To Defendant's Motion to Transfer Venue* by fax and first class mail on the 23rd day of December, 2004, to the following:

Joseph A. "Tony" Rodriguez
**Rodriguez, Colvin, Chaney & Saenz**                    *Via Fax No. (956) 541-2170*
1201 E. Van Buren
Brownsville, Texas 78521


JON R. ALWORTH