IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB - 2 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS REY, SR. | § | |
| | § | |
| VS. | § | |
| | § | C.A. NO. B-04-134 |
| COORS BREWING COMPANY, | § | |
| PROCESS ENTERPRISES, INC., | § | |
| T&C CONSULTANTS, Individually and | § | |
| d/b/a PROCESS ENTERPRISES, VIRG. | § | |

**PLAINTIFF JESUS REY, SR.'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Jesus Rey, Sr., files his Reply to the Letter Brief of Coors Brewing Company, dated January 24, 2005; and/or his Supplemental Response to Defendant's Motion to Transfer Venue, and would show the Court as follows:

I.

**SCOPE**

1.   This Reply and Supplemental Response essentially address two issues:

   a) whether or not the hiring and recruitment of Mr. Rey constituted sufficient contact with Texas to satisfy the venue and jurisdictional prerequisites of the law?; and,

   b) a brief analysis, applying the facts in this case, to the factors that have been delineated as relevant, in venue determinations.

## II.
## NEXUS AND CONTACT

2.  Defendant argues that the parties do not have the requisite nexus connection or, relevance, to this case. The facts of the case, and the laws of the State of Texas, prove them wrong. The Texas Long Arm Statute provides, in part:

> "In addition to other acts that may constitute doing business, a non-resident does business in this state if the non-resident:
>
> 1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>
> 2) commits a tort in whole or in part in this state; or
>
> 3) <u>recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.</u>" [emphasis added] Texas Civil Practice and Remedies Code § 17.042.

3.  It is undisputed that Mr. Rey was recruited and then hired, through an intermediary, for and on behalf of Coors Brewing, to work in Virginia. The recruitment and hiring occurred while both Mr. Rey and Coors' agent, were physically in Texas. While Coors undoubtedly meets the general jurisdictional requisites of ongoing and substantial conduct, their efforts to recruit Mr. Rey, while occurring in Cameron County, also created specific jurisdiction, in regards to the events complained of herein.

Texas' has an important interest in preventing its citizens from being exploited by out-of-state employers, and this interest has long been recognized. *Astorga v. Connleaf, Inc.*, 962 F.Supp.2d 93, 96 (W.D. Tex. 1996). This interest is uniformly articulated in Legislative policy. For example, Article 8306, § 19 of the

former Texas Worker's Compensation Act, provided that if an employee was hurt within one year after being hired or recruited in Texas, for work outside the state, then the employee was entitled to seek benefits under the Texas Worker's Compensation scheme. In fact, venue was expressly permitted, in state court, in the county in which the employee resided at the time of suit.

A similar provision is contained in current law. The Texas Labor Code § 406.071, provides:

> "(a) An employee who is injured while working in another jurisdiction or the employee's legal beneficiary is entitled to all rights and remedies under this subtitle if:
>
> (1) the injury would be compensable if it had occurred in this state; and
>
> (2) the employee has significant contacts with this state or the employment is principally located in this state.
>
> (b) <u>An employee has significant contacts with this state if the employee was hired or recruited in this state, and the employee:</u>
>
> (1) <u>was injured not later than one year after the date of hire</u> [emphasis added]; or
>
> (2) has worked in this state for at least 10 working days during the 12 months preceding the date of injury."

4.  The importance of the interests that are protected is demonstrated by the consistent rulings from Courts across the country. In a Texas case, *Dodson v. Floor Corp.*, the District Court held that the defendant purposefully availed itself of benefits from the State of Texas, by using its agents to recruit Texas employees to work overseas in Saudi Arabia. *Dodson v. Floor Corp.*, 492 F.Supp.2d 313, 317 (W.D. Tex. 1980). In Dodson, as in our case, agents, or intermediaries, actually

performed the hiring and recruitment of the injured party. Nevertheless, jurisdiction and venue requirements were satisfied.

Similar sentiments are reflected in *Reynolds v. TMSI Contractors*, 764 F. Supp. 2d 417 (5th Cir. 1985). The Fifth Circuit found that a non-resident's activities in recruiting Louisiana employees, by advertising in a newspaper and using an agent to establish contact, constituted activity sufficient to subject the defendant to jurisdiction in Louisiana, and also secured venue.

In *Gonsalez Moreno v. Milk Train, Inc.*, the Court rejected jurisdictional and venue challenges brought in an attempt to defeat claims asserted by migrant farm workers, related to employment outside of Texas. The Court not only followed these principles, but did so in spite of the existence of a contractual provision purporting to establish a non-Texas forum. The Court ignored the contractual provision, giving greater weight to the long standing and universally recognized interests that Texas has exercised in protecting its residents.

5.   Although the defendant has not raised jurisdictional challenges; their motion to transfer venue touches upon issues similar to the issues important in determining jurisdiction. Historically, the states have been given wide latitude, and allowed to govern workplace injuries, particularly those involving their residents. These interests continue to be reflected in Texas' current Worker's Compensation Act, see § 406.071, Texas Labor Code, and by the non-delegable duty imposed statutorily, requiring employers to maintain safe working conditions.

- 5 -

6. The evidence in this case, and the historical importance that the state of Texas has placed on protecting its citizens, illustrate the reasons that venue and jurisdiction are appropriate in the Southern District of Texas. Accordingly, plaintiff requests that defendant's Motion to Transfer Venue, in all respects, be denied.

## II.
## **BRIEF ANALYSIS OF RELEVANT VENUE FACTORS**

A.   PLAINTIFF'S CHOICE OF FORUM

7.   The plaintiff's choice of forum should be given deference, and should not be disturbed unless the balance of factors strongly favors a moving party. See *Peteet v. Dow Chemical Corp.*, 868 F.Supp.2d 1428, 1436 (5th Cir. 1989). The party seeking to disturb the plaintiff's claims being the burden of persuasion. This factor weighs heavily with the plaintiff.

B.   PLAINTIFF'S RESIDENCE

8.   The plaintiff's residence is a significant and important factor in determining whether a motion to transfer venue should be granted or denied. *Piper Aircraft v. Reyna*, 454 U.S. 235. Obviously, this factor also favors plaintiff.

C.   AVAILABILITY AND CONVENIENCE OF THE WITNESSES AND PARTIES

9.   This factor, upon proper analysis, also weighs in favor of the plaintiff. Jesus Rey is a lifetime resident of Cameron County. Coors Brewing Company chose to reach into Cameron County and recruit his services. Coors then caused him to suffer ammonia exposure. Texas law provides that employers have a non-delegable duty to provide a safe place to work. Mr. Rey's employer was located in Texas, and at Coor's request they recruited and hired a Texas citizen.

As a result of the concerted actions of Coors and Process Enterprises, Mr. Rey has been rendered disabled, and her faces a progressive deterioration of his breathing capabilities. It would be highly inconvenient, if not impossible, for Mr. Rey to travel anywhere, much less to Virginia to litigate this matter. Given

the fact that Coors availed themselves of the labor force in Cameron County, favors venue retention.

Mr. Rey was within his rights to bring his case in the Southern District, and it is appropriate that he seek justice in a forum that is reasonably convenient. Additionally, Mr. Rey's current treating physician is located here in Cameron County, and plaintiff believes that Dr. Almeida will testify live before the jury in this cause.

Next, the relevant employees of Process Enterprises are located, and hail from Texas. Many of these individuals will give material testimony. They will be called to testify as to the facts and circumstances regarding Mr. Rey's hiring, the supervision of employees at the plant, Process's communication with Coors, and the events leading to exposure. Included in this group is Mr. Rey's son, Jesus Rey, Jr., who resides here in Cameron County. Darrell Hart, the man who called and recruited Mr. Rey, are also served as project director in Virginia, and was responsible for Mr. Rey's day to day performance. Mr. Hart was also the person who served as the liaison for communication between Coors and the Texas crew. His testimony will be critical. Mr. Hart resides in Texas.

Coors has the burden in this matter, and they have failed that burden. Their vague references to witnesses at the Virginia plant are not sufficient. While plaintiff is certain some of their witnesses' testimony should prove relevant; their witnesses certainly do not offer more probative information than Mr. Rey, nor any more than the Process Enterprise employees and crew. Since Defendant has the burden of persuasion, they also have the burden to specifically

enumerate and identify not only the witnesses that they intend to call, as well as what relevant evidence they may offer. No such demonstration has been made. Irrespective of whether, or not, they can line up 30 witnesses, or none, testimony is of no more relevance or importance than the testimony of witnesses who are located here in Texas. Since they cannot meet their burden, their motion must be denied.

D.   PLACE OF ALLEGED WRONGDOING

10.   Both forums provided the place where important events leading to plaintiff's injuries occurred. Promises were made in Texas, regarding the employment conditions in Virginia, and they were not kept. Therefore, each of those promises creates a cognizable cause of action, all of which occurred here in Texas. See *Gonsalez Moreno v. Milk Train*. Furthermore, even if one were to isolate, and focus solely on the place where the ammonia exposure occurred, the location of an injury is not dispositive, but is only one factor in the analysis. The mere fact that an accident, or the events upon which an action is found occurred outside the district, is in itself insufficient to justify a transfer. See *Sioux City v. New Orleans Barge Lines, Inc.*, 221 F.Supp.2d 737 (Southern District of Texas). This factor favors transfer.

E.   FINANCIAL BURDEN

11.   The relative ability of the parties to bear the financial impact of litigating in a proposed district is an important factor in determining venue. In this matter, Coors is not adversely impacted by the maintenance of venue in Texas. Coors is a large multi-national corporation that already conducts substantial business in

Texas. Coors would not be financially inconvenienced, while the Rey family would be devastated. This further favors the plaintiff.

F.  LOCATION OF COUNSEL

12. Courts will sometimes grant this factor minor weight. To the extent it is relevant, to the Court's determination, Mr. Rey's counsel is located here in the Southern District of Texas, and Coors is being represented by experienced and competent counsel, also here in the Southern District of Texas.

G.  LOCATION OF BOOKS AND RECORDS

13. This factor is normally given little weight, unless the documents are so voluminous that the transport is of major undertaking. *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d. 925, 931 (Eastern District of Texas 1999). In this case, Coors has not even tried to show that such an effort would be a major undertaking. In fact, they identified few documents, if any, that are relevant and that will be necessary to the defense of this cause.

H.  POSSIBILITY OF DELAY OR PREJUDICE IF TRANSFER IS GRANTED

14. In this matter, Mr. Rey's claims have been delayed, and delayed again. Coors did not file its removal until this case had been on file for a year. Mr. Rey was injured in October 2001. Clearly, to transfer venue, would again result in delay, and would likely prejudice Mr. Rey's ability and opportunity to recover. Given all the equitable and legal factors involved in this case, further delay is a circumstance that would damage the plaintiff, and we respectfully requests the Court reset this matter for hearing.

15. For all of these reasons, Plaintiff respectfully asks the court to deny Defendant's Motion to Transfer Venue.

        Respectfully submitted,

        **THE ALWORTH LAW FIRM, P.C.**
        62 E. Price Road
        Brownsville, Texas 78521
        Telephone No. (956) 542-7700
        Facsimile No. (956) 504-2377

BY: _____ with permission
      JON R. ALWORTH
      State Bar No. 01133070
      SB 24007607

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of ***Plaintiff's Supplemental Response to Defendant's Motion to Transfer Venue*** by fax and first class mail on the 28th day of January, 2005, to the following:

Joseph A. "Tony" Rodriguez
**Rodriguez, Colvin, Chaney & Saenz**                <u>**Via Fax (956) 541-2170**</u>
1201 E. Van Buren
Brownsville, Texas 78521

_____ with permission
JON R. ALWORTH
SB 24007607