United States District Court
Southern District of Texas
ENTERED

FEB 1 0 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS REY, SR. <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-04-134 <br> (636(c)) |
| COORS BREWING COMPANY, <br> PROCESS ENTERPRISES, INC. <br> T&C CONSULTANTS, Individually and <br> d/b/a PROCESS ENTERPRISES, VIRG. <br> Defendants. | § § § § § § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is Defendant Coors Brewing Company's (hereinafter Coors or Defendant) Motion to Transfer Venue in the above styled action (Docket No. 15). After consideration of the pleadings, motions, and arguments of counsel, this Court is of the opinion that Defendant's motion should be DENIED.

## BACKGROUND

In July 2001, Plaintiff Jesus Rey and his son received offers of employment from a construction company undertaking work at the Coors brewery in Elkton, Virginia. Both men were residing in Cameron County, Texas at the time. Shortly after accepting the offers Plaintiff and his son made their way to Virginia, along with two other South Texas men, to begin work in Elkton.

On October 20, 2001 Mr. Rey was allegedly exposed to toxic chemicals at the brewery while taking part in piping work for a new bottle packaging line. Mr. Rey claims that he sustained serious injuries as a result of this exposure. He subsequently returned to Texas and, on

1

October 20, 2003, sued Defendant Coors Brewing Company in state court. In his complaint Mr. Rey claimed that Coors negligently caused his injuries by releasing chemicals, including ammonia, into the brewery while he and his crew were still inside. On August 9, 2004, Coors removed the case to the United States District Court for the Southern District of Texas, Brownsville Division (Docket No. 1). Coors then filed a Motion to Transfer Venue (Docket No. 15) to the United States District Court for the Western District of Virginia, Harrisonburg Division on November 29, 2004. A hearing was held on January 21, 2005, during which the parties were allowed an opportunity to present their respective positions regarding the appropriateness of transfer to the Western District of Virginia. It is to this issue that the court now turns.

## DISCUSSION

### I. Appropriateness of the Harrisonburg Division as a potential venue

According to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have [originally] been brought." *28 U.S.C. § 1404(a)* (2004). Thus the first determination to be made in applying the provisions of § 1404(a) is whether the plaintiff could have properly filed his claim in the judicial district to which transfer is requested. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In the instant case Defendant seeks to transfer venue to the United States District Court for the Western District of Virginia, Harrisonburg Division (Docket No. 15). The Harrisonburg Division is where the alleged injury occurred and where Defendant Coors is located. *In Re: Horseshoe Entertainment,* 337 F.3d 429, 433 (5th Cir. 2003). The potential transferee court, therefore, could have exercised subject matter

jurisdiction over the action and personal jurisdiction over the defendant. *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1394 (S.D. Tex. 1992). Accordingly, Plaintiff's civil action could have properly been brought before the Harrisonburg Division of the United States District Court for the Western District of Virginia and the Court may proceed to the merits of Defendant's motion.

## II. Standards for venue transfer

A decision regarding the appropriateness of venue transfer is within the discretion of the trial court and is reviewed on appeal under an abuse of discretion standard. *In re Volkswagen AG*, 371 F.3d at 203; *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 687 (S.D. Tex. 2002). The burden of demonstrating why forum change is appropriate falls upon the party moving for transfer of venue. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *McGinnis* 181 F. Supp. 2d at 687. Thus, in the present case, Coors must show why transfer is warranted. In deciding whether Coors has carried it's burden the Court looks to the following private concerns: (1) Plaintiff's choice of forum, (2) the relative ease of access to sources of proof, (3) the cost of attendance for willing witnesses and the availability of compulsory process to secure attendance of witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d at 203. Under the fourth category of concern the Court will consider the convenience of the parties and potential trial expenses. *McGinnis*, 181 F. Supp. 2d at 687. In addition to the above listed factors the Court must also take into account a number of public concerns including (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary

3

problems of conflict of laws of the application of foreign law. *In re Volkswagen AG*, 371 F.3d at 203. Though some of the above factors are considered more important than others no one factor will be given dispositive weight. *In re Volkswagen AG*, 371 F.3d at 203.

## III. Private Concerns

i.   *Plaintiff's choice of forum*

Plaintiff's choice to litigate in the Brownsville Division of the Southern District of Texas, though not given dispositive weight, is entitled to some deference. *In Re: Horseshoe Entertainment*, 337 F.3d at 434-435; *Denson*, 99 F. Supp. 2d at 796. This is especially true given that the Plaintiff in the instant case resides in the Brownsville Division. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981); *McGinnis*, 181 F. Supp. 2d at 690. This factor, therefore, favors retention of the suit in Brownsville.

ii.   *Relative ease of access to sources of proof*

The relative ease of access parties will have to sources of proof in each venue is also a factor in venue determination. *In re Volkswagen AG*, 371 F.3d at 203. Defendant claims that most of the sources of proof relevant to this case are located in Greenville, South Carolina and Elkton, Virginia. Initially, the Court notes that the cost, in terms of time and expense, of transferring documents from Elkton to Harrisonburg would be similar to those associated with bringing the documents to Brownsville. In the case of transferring them from Greenville to Brownsville the costs would be virtually identical. Furthermore, it is unlikely that all of Defendant's documents will be necessary for trial and any important documents can be produced and examined anywhere for discovery purposes. *Continental Airlines*, 805 F. Supp. at 1398. The Court also notes that Defendant has not identified any specific sources of proof which would

4

be difficult or costly to transport to Brownsville. In light of the above considerations, this factor does not operate either against or in favor of transfer. *Lemery*, 244 F. Supp. 2d at 731.

iii. *The cost of attendance for willing witnesses and the availability of compulsory process to secure attendance of witnesses*

It is well settled that the convenience of key witnesses who will testify at trial should be afforded great weight in venue transfer determinations. *Lemery v. Ford Motor Co.,* 244 F. Supp. 2d 720, 730 (S.D. Tex. 2002); *McGinnis,* 181 F. Supp. 2d at 687; *Denson v. United States, et al.,* 99 F. Supp. 2d 792, 795 (S.D. Tex. 2000); *Continental Airlines,* 805 F. Supp. at 1396. These witnesses will necessarily be away from their duties while testifying no matter where the trial is held, but any inconvenience and cost to them should be lessened whenever appropriate. *Continental Airlines,* 805 F. Supp. at 1397. Defendant asserts that it would be more convenient for all of it's key non-party witnesses if the case were transferred to the Western District of Virginia (Docket No. 15). In it's motion Defendant divides these witnesses into two groups.

Defendant first calls the Court's attention to the supervisors and other Coors employees that it plans to call as witnesses. Defendant notes that the members of this group all work and reside in Elkton, Virginia, which is a mere 18 miles from Harrisonburg where the potential transferee court sits. Harrisonburg is undoubtedly a more convenient and less costly forum for these witnesses than Brownsville. However, the convenience of this particular group of witnesses is entitled to less deference than would otherwise be afforded to key witnesses since they are all Coors employees. *Lemery,* 244 F. Supp. 2d at 730-731. The limit of this Court's subpoena power is thus not an issue because Defendant will be able to compel the testimony of all the witnesses in this group whether the trial is held in Brownsville or Harrisonburg.

Furthermore Defendant is a large corporation that enjoys significant business presence in this District and the inconvenience in producing even remotely located employees is thus further discounted. *Lemery*, 244 F. Supp. 2d at 731.

The second group of key witnesses identified by Defendant consists of two employees of Jacobs Engineering who were hired by Coors to work on the same bottle packaging line as Plaintiff. These witnesses are located in Greenville, South Carolina. Defendant argues that it would be more convenient for these two witnesses to travel to Virginia than Texas. Though Brownsville is further away from Greenville than Harrisonburg, appearing in either forum will likely be a significant burden for these witnesses. Due to the distances involved it appears the most convenient and practical means of transportation for the Greenville witnesses to either forum would be air travel. If the witnesses fly, the respective travel times from Greenville to Brownsville and Greenville to Harrisonburg are comparable.[1] Furthermore, Brownsville-South Padre Island International Airport is located just five miles from the federal courthouse where this Court sits whereas Shenandoah Valley Regional Airport, the airport which services Harrisonburg, is located some 30 miles from the proposed venue. Thus only in the rather unlikely event that the Greenville witnesses choose to drive the 400 miles to Harrisonburg would that venue be more convenient.

It is also important to note that neither the Western District of Virginia, Harrisonburg Division nor this Court has subpoena power over the Greenville witnesses identified by Defendant. *In re Volkswagen AG*, 371 F.3d at 203, 205 n.4. Accordingly, the Defendant cannot

---

[1] The Fifth Circuit has taken into account the difficulties associated with traveling by air to a particular venue when reviewing a district court's determination of the costs of a transfer to witnesses. *In re Volkswagen AG*, 371 F.3d at 204.

6

guarantee their appearance in either forum. *Lemery*, 244 F. Supp. 2d at 731. Conversely Plaintiff has identified at least two key witnesses who reside within this Division and could be subpoenaed by this Court to appear at trial. The first is Plaintiff's son Jesus Rey, Jr., who worked with Plaintiff at the brewery. He will be called to testify as to the circumstances surrounding Plaintiff's hiring and the events leading up to the alleged exposure. Second, is Plaintiff's current treating physician, Dr. Almeida, who will testify as to the nature and extent of Plaintiff's injuries. These two witnesses would not be subject to the subpoena powers of the Harrisonburg Division of the Western District of Virginia. Asking them to travel over six hours each way to a courthouse in another state when a convenient forum exists in the county in which they reside would be an unnecessarily heavy burden to place upon them and could jeopardize Plaintiff's ability to present important live testimony at trial. The Court, therefore, finds that the only key witnesses for which Harrisonburg would be a significantly more convenient venue are the witnesses located in Elkton, Virginia. These witnesses, however, are afforded less weight because they are employees of the Defendant. The burden to these witnesses is offset by the inconvenience to the key witnesses that Plaintiff has identified. Thus, on balance, the Court finds that Brownsville is a more convenient venue for the witnesses than Virginia. Additionally, retaining venue in Brownsville assures the availability of compulsory process to secure the attendance of witnesses.

iv.    *All other practical problems that make trial of a case easy, expeditious and inexpensive*

In order to ensure that trial in this case is easy, expeditious and inexpensive the Court will also take into account the locations of the parties. *In re Volkswagen AG*, 371 F.3d at 203; *McGinnis*, 181 F. Supp. 2d at 689. In this case Plaintiff is a long time resident of this Division

while Defendant is located in the Harrisonburg Division of the Western District of Virginia. See *Piper Aircraft Co.,* 454 U.S. at 255-256 (1981) (holding that a citizen's or resident's choice of forum is entitled to some deference.) It would undoubtedly be more burdensome to force Plaintiff, an injured individual, to incur the expenses associated with traveling to Virginia to litigate this dispute than it would be to require the Defendant corporation, which does conduct business in Texas, to proceed with trial in Brownsville. *Denson,* 99 F. Supp. 2d at 795. Accordingly, the Court concludes that Brownsville is also a more convenient venue for the parties.

Also relevant to this step in the Court's inquiry is any increased trial expense the parties will have to bear in a particular venue. Defendant argues that the expenses it will have to endure in order to bring it's key non-party witnesses to Brownsville are evidence that this factor slightly favors transfer. As discussed above, one group of witnesses identified by Defendant reside in South Carolina and can just as easily reach Brownsville as Harrisonburg. The other group, however, consists of Coors employees who reside in Virginia. In general the Court agrees with Defendant that retaining venue in Brownsville will entail greater travel expenses in regards to these witnesses. This increased cost to Defendant is counterbalanced, however, by the costs associated with requiring the sole defendant and his witnesses to travel from their residences in this Division to Virginia. *Lemery,* 244 F. Supp. 2d at 732. Due to the significant increase in trial costs Plaintiff would be forced to endure if venue is transferred to Virginia the Court finds that this factor weighs against transfer.

## IV. Public Concerns

*i.   The administrative difficulties flowing from court congestion*

The parties do not allege, and the Court does not find, that the administrative difficulties stemming from court congestion are any more pronounced in Brownsville than they are in Harrisonburg. As such this factor neither weighs in favor of nor against transfer. Furthermore the Fifth Circuit has noted that only in "rare and special circumstances" should the factors of delay and prejudice be considered in a venue transfer determination and that these circumstances must be established by clear and convincing evidence. *In Re: Horseshoe Entertainment,* 337 F.3d at 434. No such evidence, however, exists in this case.

*ii.  The local interest in having localized interests decided at home*

Defendant argues that the people of Virginia have a certain degree of interest in having the dispute between Plaintiff and Coors decided locally due to the location of the accident.[2] *In re Volkswagen AG,* 371 F.3d 203. While the place of the alleged wrong is an important aspect of the Court's venue determination, it is not the only factor. *Lemery,* 244 F. Supp. 2d at 732; *Continental Airlines,* 805 F. Supp. at 1400. Additionally, the Fifth Circuit recognized in *In re Volkswagen AG* that transfer of a case to the location of the accident is not required if the community where the suit is brought has some interest in the litigation. 371 F.3d at 206.

In it's arguments Defendant compares the instant suit to the dispute in *In re Volkswagen.* In that case the Fifth Circuit ultimately held that a district court erred by denying a motion to transfer venue because there was no connection between the residents of the original venue and

---

[2] Plaintiff was injured at the Coors brewery in Elkton, within the Western District of Virginia.

9

the litigation. 371 F.3d 201 (5th Cir. 2004). That case is, however, distinguishable from the matter presently before this Court. In the *Volkswagen* case both Plaintiffs and both Third-Party Defendants were residents of the Western District of Texas, to which transfer was requested. 371 F.3d at 206. Additionally, the Western District of Texas was the location of the accident and of all the witnesses for the third-party complaint. *Id.* Thus, the Plaintiffs in that case could not demonstrate that the citizens of the district where the action was originally brought had any connection to or interest in the litigation.

The case presently before this Court differs because Plaintiff and his key witnesses reside in the Brownsville Division. Furthermore, Plaintiff chose his home forum as the venue for this law suit. The residents of the Southern District of Texas thus have more than a passing interest in the outcome of this case and in the safety of fellow residents recruited to work in other states. *Denson,* 99 F. Supp. 2d at 796. Additionally, to the Court's knowledge, no Western Division of Virginia residents were injured by the ammonia exposure. If it is discovered that injuries to citizens of that District did occur, litigating this particular dispute in Brownsville will not prevent any potential plaintiffs from filing suit in their home forum. It is, therefore, the opinion of this Court that the citizens of this Division have more of a localized interest in adjudicating this dispute, which involves a fellow citizen, than the residents of the Harrisonburg Division of the Western District of Virginia.

iii.    *The familiarity of the forum with the law that will govern the case*

This suit involves claims under Texas law. Thus, this factor weighs in favor of retention of the case in the Brownsville Division of the Southern District of Texas.

iv.  *Avoidance of unnecessary problems of conflict of laws of the application of foreign law*

The parties do not allege, and the Court does not find, that this factor affects the appropriateness of venue transfer given the specific facts of this case.

## CONCLUSION

After substantial and careful deliberation the Court finds that the cumulative weight of the factors discussed above tip the scales in favor of retaining this suit in Brownsville. Though trying the case in the Brownsville Division will be a limited inconvenience to Defendant, the balancing test engaged in above reveals that Plaintiff would be severely burdened by being forced to litigate this dispute in Virginia, outside his chosen venue. Defendant has not carried its burden of demonstrating that venue transfer is necessary to serve the interests of justice or for the convenience of the witnesses and parties. Accordingly, Defendant's Motion to Transfer Venue (Docket No. 15) is hereby DENIED.

IT IS SO ORDERED.

DONE at Brownsville, Texas, this 9th day of February, 2005.

Felix Recio
United States Magistrate Judge