United States District Court
Southern District of Texas
FILED

SEP 3 0 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS REY, SR. | § § § | |
| V. | § § | CIVIL ACTION NO. B-04-134 |
| COORS BREWING COMPANY; PROCESS ENTERPRISES, INC.; T&C CONSULTANTS, Individually and d/b/a PROCESS ENTERPRISES, VIRG. | § § § § | |

**DEFENDANT COORS BREWING COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, **COORS BREWING COMPANY** (hereinafter "Defendant") in the above-entitled and numbered cause, and files this its Motion for Summary Judgment as to the claims of Plaintiff, JESUS REY (hereinafter referred to as "Plaintiff"), and would respectfully show the Court as follows:

**I.**

**INTRODUCTION**

Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *Id.* at 322-23. Defendant in this case seeks summary judgment on the basis that there is no evidence to support an essential element of the plaintiff's claim.

## II.

## ARGUMENT AND AUTHORITIES

### Without Designating an Expert, Plaintiff Is Unable to Prove A Necessary Element of His Cause of Action
### (There is no evidence to support an essential element of plaintiff's claim)

Plaintiff must prove the following essential elements to sustain a claim for negligence: 1) a legal duty owed to the plaintiff by the defendant, 2) a breach of said duty by the defendant, 3) an injury to the plaintiff, and 4) that this negligent breach of duty proximately caused the plaintiff's injuries and damages. *Skipper v. United States*, 1 F.3d 349, 352 (5th Cir. 1993) (applying Texas law), *cert. denied*, 510 U.S. 1178 (1994). Because plaintiff cannot raise a material fact issue on the element of proximate cause, defendant is entitled to summary judgment as a matter of law.

In order to succeed on a claim of negligence, a plaintiff must prove that his injuries were proximately caused by the negligent conduct of the defendant. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). There are two elements to proximate cause—cause in fact and foreseeability. *Id.* To establish proximate cause, both of these elements must be established by probative evidence, and mere conjecture or guess is insufficient. *Gutierrez v. Excel Corp.*, 106 F.3d 683, 687 (5th Cir. 1997).

"Cause in fact is 'but for cause,' meaning the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred." *Id.*, quoting *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex. 1987). The plaintiff must therefore prove that but for the defendant's conduct, it is more probable than not that the plaintiff's damages would not have occurred. *Doddy*, 101 F.3d at 463.

In the *Gutierrez* case, the plaintiffs worked at the defendant's meatpacking plant where they used electric knives to remove meat from bones that arrived via a conveyor

belt. 106 F.3d at 685. The plaintiffs asserted that they suffered from cumulative trauma disorder (CTD) as a result of their continuous use of the electric knives. *Id.* However, the court adopted a very narrow standard in allowing the plaintiffs' circumstantial evidence so support their causation claims. The court found that even though the defendant furnished the plaintiffs with many working conditions which were known to cause CTD, this evidence alone was insufficient to establish cause in fact. *Id.* at 688. The court stated that "these conditions *may* have caused injury. [Plaintiffs] must show, however, that [defendant] *did* in fact cause their injuries." *Id.* (emphasis in original). The court then turned to the medical records to look for causation.

In considering the first plaintiff, Maria de la Cruz, the court found that though her records indicated an injury, the evidence did not suggest that the particular injury was one associated with CTD. *Id.* at 688-89. In fact, even though one doctor noted that de la Cruz' injury was "work-related," the court did not find that statement sufficient to establish causation. The court held that the plaintiff "may well have suffered injury at work; the fact that she was injured at work, however, does not establish that such injury is cumulative trauma caused by [defendant's] breach of a duty regarding the Whizard knife." *Id.* at 689. The mere fact that the plaintiff submitted evidence that she was exposed to factors associated with CTD was insufficient to allow a jury to infer causation. *Id.*

Similarly, in our present case, the defendant is entitled to summary judgment because the plaintiff, Jesus Rey, Sr., has not established that his injuries were proximately caused by the actions of the defendant, Coors Brewing Company. The plaintiff failed to designate any experts by the original deadline of May 2, 2005. On August 25, 2005, this Court granted Plaintiff's Motion to Enlarge Time thereby extending the trial date to December 5, 2005. The expert designation deadlines were also extended. Once again,

plaintiff has not designated any experts in accordance with the deadline for plaintiff's designations of September 30, 2005. There can therefore be no experts eligible to submit any evidence that the plaintiff's injuries were caused by any actions of the defendant. This lack of expert designation makes it impossible for the plaintiff to prove that the defendants actions were the cause of his injuries, because under Texas law, the reasonable probability that the defendant's negligence was the cause of the plaintiff's injury is determined by consideration of the substance of an expert's testimony. *Leckbee v. Contl. Airlines, Inc.,* 410 F.2d 1191, 1194 (5th Cir. 1969).

Defendant therefore requests summary judgment because the plaintiff's evidence is legally insufficient to raise a genuine issue of material fact as to the fact that the defendant's negligent actions proximately caused the plaintiff's injuries. Under the *Celotex* standard, summary judgment is mandated against a party who is unable to sufficiently show the existence of an essential element to his case when that party would bear the burden of proof at trial. 477 U.S. at 321. Because the plaintiff does not provide any evidence showing that the ammonia from the incident was a cause in fact of his alleged injuries, there has been no establishment of proximate cause by the plaintiff.

WHEREFORE, PREMISES CONSIDERED, **COORS BREWING COMPANY**, prays that the Court enter summary judgment on Plaintiff's claims in their favor and for such other and further relief to which Defendants shall be justly entitled.

Respectfully submitted,

**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**

By: _____
Joseph A. "Tony" Rodriguez
State Bar No. 17146600
Southern District Admissions No. 10107
**Norton A. (Trey) Colvin III**
State Bar No. 24045687
Southern District Admissions No. 570785
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

**Samuel Walker**
Coors Brewing Company
Risk Management Department – NH314
Golden, Colorado 80401
Telephone: (303) 277-2164
Facsimile: (303) 277-6212

**ATTORNEYS FOR DEFENDANT,
COORS BREWING COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document was forwarded on this 30 day of Sept., 2005, to the following counsel of record and interested parties:

    Jon R. Alworth
    The Alworth Law Firm, PC
    62 East Price Road
    Brownsville, Texas 78521
    Attorney for Plaintiff

    Norton A. (Trey) Colvin III